540 So.2d 872 (1989)
STATE of Florida, Appellant,
v.
Alan Mitchell RODGERS, Appellee.
No. 88-0663.
District Court of Appeal of Florida, Fourth District.
March 1, 1989.
*873 Robert A. Butterworth, Atty. Gen., Tallahassee, and Eddie J. Bell, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellee.

ON MOTION FOR CLARIFICATION
PER CURIAM.
We grant appellant's motion for clarification and substitute the following revised opinion:
Appellee pleaded guilty to two counts of indecent assault. On November 26, 1984 the trial court sentenced him to three and one-half years imprisonment on Count I, and five years probation on Count II, the sentences to run consecutively. Appellee completed his prison term. However on December 11, 1987, the state filed an affidavit charging him with violation of his probation for Count II.
At the violation hearing, the state attorney argued that appellee's guidelines score placed him in the five and one-half to seven years range and apparently prepared a scoresheet reflecting that recommended sentence. The public defender argued that appellant's score placed him in the two and one-half to three and one-half years range. The trial court found that appellant violated his probation and sentenced him to three and one-half years incarceration with a credit of 580 days for time served. The state contends the sentence constitutes a downward departure from the guidelines without written reasons and that the trial court erred in awarding credit for time served on the sentence for Count I against the sentence for Count II.
The trial court did not err in imposing a three and one-half year sentence. The sexual assault charge in Count I of the original information which resulted in the sentence of three and one-half years' imprisonment should have been scored as an additional offense at conviction. It should not have been scored in the "prior record" category. See Fla.R.Crim.P. 3.701(d)(4) and (5). The two sexual assault charges constituted multiple counts of the same distinct offense and the same degree of felony. See the December, 1985 amendment to the committee note to Florida Rule of Criminal Procedure 3.701(d)(4). With a properly prepared scoresheet, appellee's score places him in the three and one-half to four and one-half years range. Although we find no departure from the guidelines, we remand so that the trial court may approve a corrected scoresheet. See Fla.R.Crim.P. 3.701(d)(1).
We find merit in the state's argument that the trial court erred in crediting appellee with 580 days for time served. The original sentencing order provided that the sentences for the crimes charged in Count I and Count II of the information were to run consecutively. The time served by appellee was on Count I. Therefore, the trial court erred when it credited this time to the sentence for Count II. See Hipp v. State, 509 So.2d 1208, 1210 (Fla. 4th DCA 1987). Similarly, we find no merit in appellee's argument that he properly received credit for 105 days served while awaiting disposition on the original charges since he received credit for that time in the original sentence for Count I.
Accordingly, we reverse and remand this case to the trial court for further proceedings consistent herewith.
REVERSED AND REMANDED.
DELL, GUNTHER and STONE, JJ., concur.