572 So.2d 946 (1990)
Curtis Bernard FORD, Appellant,
v.
STATE of Florida, Appellee.
No. 90-508.
District Court of Appeal of Florida, Fifth District.
November 29, 1990.
Rehearing Denied January 15, 1991.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
PETERSON, Judge.
Curtis Bernard Ford appeals his sentence imposed following revocation of probation for an admitted probation violation. We affirm.
In 1987, Ford was convicted of theft and dealing in stolen property in each of two separate cases bearing trial court filing numbers 87-928 and 87-939. A single score sheet was used for the two cases, and he was sentenced to nine years' incarceration in case number 87-928 and to ten years' probation in case number 87-939 consecutive to the period of incarceration in case number 87-928. He was released from incarceration on May 26, 1989, having served less than two years of the nine-year sentence, and on December 7, 1990, he was charged with violating the conditions of probation in case number 87-939 by not remaining gainfully employed, filing untruthful reports, testing positive for use of both marijuana and cocaine, and failing to pay restitution and supervisory fees. Ford was sentenced to an additional period of twelve years' incarceration after admitting the violations. When he was sentenced in case number 87-939 after violation of probation, he was not given credit for the time served on case number 87-928, and he argues that the nine years already served and the additional twelve years now imposed are, in reality, a departure sentence of twenty-one years.
This case is still another example of the traps into which the unwary may stumble in sentencing under the guideline rules. The traps do not discriminate; either a *947 defendant or the state may fall into one. In the instant case, if originally Ford had been sentenced to incarceration followed by probation in case number 87-939, the period of incarceration could not have exceeded the score sheet guideline range of nine years and would have had to be concurrent with the sentence and incarceration imposed in case number 87-928. White v. State, 489 So.2d 115 (Fla. 1st DCA 1986); Fla.R.Crim.P. 3.701(d)(12). A violation of probation after serving nine years would then have allowed the court to use the one cell bump-up and sentence Ford to twelve years, but with credit for the nine years served. The trial court chose not to sentence in this fashion and imposed only probation in case number 87-939 following incarceration in case number 87-928. Since no period of incarceration was imposed in 87-939, no credit was allowable when sentence was imposed after violation of probation. This clever use of the tool of probation in this case where a long history of continuing criminal activity exists should have acted as an incentive to Ford to comply with the conditions of probation, conditions which usually are no more burdensome than those conditions which law-abiding citizens customarily and routinely live with in their walks through life. Ford chose to promptly ignore those conditions after release from incarceration, and the trial court refused to allow credit for the time served in case number 87-928, which bears no relationship to case number 87-939 other than having been included in the same score sheet when originally sentenced. The trial court properly applied the rule plainly set forth in State v. Folsom, 552 So.2d 1194 (Fla. 5th DCA 1989).
AFFIRMED.
W. SHARP, and HARRIS, JJ., concur.