572 So.2d 947 (1990)
Tony Mego SYLVESTER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-928.
District Court of Appeal of Florida, Fifth District.
December 6, 1990.
Rehearing Denied January 15, 1991.
*948 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James N. Charles, Asst. Atty. Gen., Daytona Beach, for appellee.
PETERSON, Judge.
Tony Mego Sylvester appeals his sentence imposed following revocation of probation for an admitted probation violation. We affirm in part and reverse in part.
Sylvester was adjudicated guilty of two counts of grand theft and two counts of burglary of a dwelling. He was sentenced to concurrent terms of three and a half years of incarceration for the two grand theft charges followed consecutively by concurrent terms of ten years of probation for the two burglary charges. After his release from prison, Sylvester violated the conditions of his probation. Sylvester's probation was revoked, and the trial court thereupon sentenced Sylvester to concurrent terms of four and a half years of incarceration for the two burglary counts and four and a half years of incarceration for the two counts of grand theft.
Sylvester argues that, in resentencing on the burglary convictions, the court should have given him credit for the time he served originally on the grand theft convictions. This argument is without merit. See State v. Folsom, 552 So.2d 1194 (Fla. 5th DCA 1989). As Sylvester notes, if a court imposes a straight prison term for one offense followed by a straight probation term for another offense, the application of the sentencing guidelines in resentencing following revocation of probation can lead to a harsher penalty than if split sentences had been imposed originally for each offense. Ford v. State, 572 So.2d 946 (Fla. 5th DCA 1990); Folsom, 552 So.2d 1194.
Sylvester correctly argues that the court violated his double jeopardy rights by sentencing him again for the two counts of grand theft since he had already served the sentence for these two offenses; no probation had been imposed with respect to those offenses. The court could not again sentence him for those offenses.
We affirm the sentence imposed for the burglary convictions and vacate the sentence imposed for the two grand thefts.
AFFIRMED in part; sentence VACATED in part.
COBB and GRIFFIN, JJ., concur.