622 So.2d 941 (1993)
Timothy William TRIPP, Petitioner,
v.
STATE of Florida, Respondent.
No. 79176.
Supreme Court of Florida.
March 25, 1993.
Rehearing Denied June 10 and August 19, 1993.
James Marion Moorman, Public Defender, and Andrea Norgard and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for petitioner.
Robert A. Butterworth, Atty. Gen. and Wendy Buffington, Asst. Atty. Gen., Tampa, for respondent.
GRIMES, Justice.
We review State v. Tripp, 591 So.2d 1055, 1057 (Fla. 2d DCA 1991), in which the court certified the following as a question of great public importance:
IF A TRIAL COURT IMPOSES A TERM OF PROBATION ON ONE OFFENSE CONSECUTIVE TO A SENTENCE OF INCARCERATION ON ANOTHER OFFENSE, CAN JAIL CREDIT FROM THE FIRST OFFENSE BE DENIED ON A SENTENCE IMPOSED AFTER A REVOCATION OF PROBATION ON THE SECOND OFFENSE?
We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
Tripp was charged with burglary, grand theft, and resisting an officer without violence. The burglary and grand theft offenses were third-degree felonies. See §§ 810.02(3), 812.014(2)(c), Fla. Stat. (1987). The resisting offense was a misdemeanor. See § 843.02, Fla. Stat. (1987). Tripp pled guilty to the two felony charges, and the misdemeanor charge was dismissed. Pursuant to the sentencing guidelines, the trial judge sentenced Tripp to four years' imprisonment for the burglary charge and four years' probation for the grand theft. The probation was to be served consecutive to the imprisonment and was to begin upon Tripp's release from prison.
Tripp served his four-year prison sentence on the burglary charge in less than ten months and was released on probation. Subsequently, Tripp violated his probation,[1] and it was revoked. The trial judge then sentenced Tripp to four and one-half years' incarceration on the grand theft charge, but he gave Tripp four years' credit for time previously served on the burglary sentence.
The district court of appeal reversed the award of credit for time served. The court *942 held that the original sentence imposed by the trial judge was the result of two separate convictions and that Tripp was not entitled to credit for time served on the first conviction after the revocation of probation for the second conviction. Accord Sylvester v. State, 572 So.2d 947 (Fla. 5th DCA 1990); Ford v. State, 572 So.2d 946 (Fla. 5th DCA 1990); Pacheco v. State, 565 So.2d 832 (Fla. 2d DCA 1990), review denied, 576 So.2d 289 (Fla. 1991); Harris v. State, 557 So.2d 198 (Fla. 2d DCA 1990); State v. Folsom, 552 So.2d 1194 (Fla. 5th DCA 1989); State v. Rodgers, 540 So.2d 872 (Fla. 4th DCA 1989). However, the court expressed concern that its holding might conflict with the spirit of the sentencing guidelines and the limitations on sentencing imposed by this Court in State v. Lambert, 545 So.2d 838 (Fla. 1989), and State v. Green, 547 So.2d 925 (Fla. 1989). The issue before us involves the propriety of the sentencing method employed by the district court of appeal in this case.
The purpose of the sentencing guidelines is "to establish a uniform set of standards to guide the sentencing judge in the sentence decision-making process" so as to eliminate unwarranted variation in sentencing. Fla.R.Crim.P. 3.701(b). One guidelines scoresheet must be utilized for all offenses pending before the court for sentencing. Fla.R.Crim.P. 3.701(d)(1). A sentence must be imposed for each separate offense, but the total sentence cannot exceed the permitted range of the applicable guidelines scoresheet unless a written reason is given. Fla.R.Crim.P. 3.701(d)(12). Sentences imposed after revocation of probation must be within the recommended guidelines range and a one-cell bump. Fla. R.Crim.P. 3.701(d)(14).
When Tripp was originally sentenced, the maximum jail time he could have received within the permitted range of the sentencing guidelines was four and one-half years. Under ordinary circumstances, when he violated his probation, his sentence could not exceed the five-and-one-half-year maximum of the next highest permitted range (limited by the fact that the maximum sentence for a third-degree felony is five years), less credit for time served. The problem arises because Tripp committed two crimes. Unless he is given credit for time served on the one against the sentence imposed for the other upon the probation violation, his total sentence for the two crimes will be eight and one-half years, which is three years beyond the permitted range of a one-cell bump.
Thus, it appears that the sentencing method sanctioned by the district court of appeal is inconsistent with the intent of the sentencing guidelines. Under this method, trial judges can easily circumvent the guidelines by imposing the maximum incarcerative sentence for the primary offense and probation on the other counts. Then, upon violation of probation, the judge can impose a sentence which again meets the maximum incarcerative period. Without an award of credit for time served for the primary offense, the incarcerative period will exceed the range contemplated by the guidelines.
The State argues that Tripp was convicted of two separate crimes and received two separate sentences. Thus, Tripp is not entitled to credit for time served on his first conviction after revocation of probation on his second conviction. The State, however, ignores the fact that both offenses were factors that were weighed in the original sentencing through the use of a single scoresheet and must continue to be treated in relation to each other, even after a portion of the sentence has been violated. See Lambert, 545 So.2d at 838, 841; Fullwood v. State, 558 So.2d 168, 170 (Fla. 5th DCA 1990).
We hold that if a trial court imposes a term of probation on one offense consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense.[2] We answer the *943 certified question in the negative and disapprove of the decisions in Sylvester, Ford, Pacheco, Harris, Folsom, and Rodgers. We quash the decision below and remand for proceedings consistent with this opinion.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW and HARDING, JJ., concur.
KOGAN, J., concurs in result only.
NOTES
[1] Tripp allegedly trespassed on railroad property and burglarized a home. The record is not clear as to the disposition of these charges.
[2] We note that prior to the enactment of chapter 89-531, Laws of Florida, "credit for time served" included jail time actually served and gain time granted pursuant to section 944.275, Florida Statutes (1991). State v. Green, 547 So.2d 925, 927 (Fla. 1989). It does not include "provisional credits" or "administrative gain time" which is used to alleviate prison overcrowding and is not related to satisfactory behavior while in prison. See § 944.277, Fla. Stat. (1991). By virtue of chapter 89-531, the revocation of probation or community control now serves to forfeit any gain time previously earned. This change in the law is inapplicable to Tripp because his crimes were committed before October 1, 1989, the effective date of the act.