PER CURIAM.
Appellant, Tommy Bryant, appeals the sentencing disposition imposed upon the revocation of his probation. The issue is whether appellant is entitled to credit regarding the seven-year sentence which terminated with his release on probation. We find that appellant is entitled to such credit, and reverse.
On March 6, 1989, appellant pled nolo contendere to robbery in three separate cases. The trial court adjudicated guilt, and imposed a five-year sentence in circuit court case 88-5482, a concurrent seven-year sentence in circuit court case 88-5483, and a consecutive five-year period of probation in circuit court case 88-5484. Thereafter, appellant completed the incarcerative part of his sentence and began serving his probationary term. On October 10, 1991, an affidavit of violation of probation was filed, alleging appellant violated two conditions of his probation. On October 8, 1992, appellant pled nolo contendere to violation of probation.
At sentencing, appellant’s counsel argued that appellant was .entitled to credit for the seven-year prison sentence, which terminated when appellant was released on probation. The trial court disagreed. The guidelines scoresheet indicated a permitted sentencing range of three and one-half to nine years. The trial court imposed a nine-year sentence, with 156 days credit for jail-time served.
The state concedes that disposition of this case is controlled by the supreme court’s decision in Tripp v. State, 622 So.2d 941 (Fla.1993). In Tripp, as in the instant case, the defendant was sentenced for multiple offenses pursuant to a single score-sheet. A prison sentence was imposed for one offense, and a consecutive term of probation was imposed for the other offense. After termination of his incarceration, Tripp violated probation. In rejecting the state’s argument that Tripp was sentenced for separate crimes, and thus was not entitled to credit for time served on the first conviction after revocation of probation on the second conviction, the court said, “both offenses were factors that were weighed in the original sentencing through the use of a single scoresheet and must continue to be treated in relation to each other, even after a portion of the sentence has been violated.” The court held—
if a trial court imposes a term of probation on one offense consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense.
*1048 622 So.2d 942-943. In a footnote, the court further noted that prior to enactment of chapter 89-531, Laws of Florida, effective October 1, 1989, the “credit for time served” did not include provisional credits or administrative gain time.
In the instant case, appellant was sentenced for three separate cases, pursuant to a single scoresheet. Therefore, in accordance with Tripp, he must be given credit on the violation of probation sentence for prison time served on the two offenses for which incarceration was imposed. Since appellant’s offenses were committed prior to the effective date of chapter 89-531, the revocation of probation does not serve to forfeit any gain time previously earned. However, appellant is not entitled to credit for provisional credits or administrative gain time. Tripp, 622 So.2d at 943.
Accordingly, this cause is reversed and remanded for sentencing in accordance with the guidelines set forth by the supreme court in Tripp v. State.
JOANOS, BARFIELD and MICKLE, JJ., concur.