PARKER, Judge.
This appeal is pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Following receipt of supplemental briefs which this court requested of the parties, we remand this case to the trial court to clarify its award of jail time credit.
In October 1989 Dotson entered a plea of nolo contendere to three felony charges. For the offenses of burglary with an assault or battery (count I) and sexual battery (count II), Dotson received a concurrent four and one-half years in state prison with credit for 222 days jail time credit. On the charge of sexual battery (count III), Dotson received ten years’ probation to be served consecutively to the other two charges.
In April 1992, three months after a judge issued a warrant for violation of probation, Dotson entered an admission to violation of probation to the sexual battery charge. Following a sentencing and a resentencing to correct a guidelines scoresheet error, the court sentenced Dotson to seventeen years in prison on the charge for which he had received probation originally, with credit for 359 days jail time credit. The sentence fell within the permitted sentencing guidelines range.
From our review of this record, we cannot determine if Dotson received the necessary jail time credit as required by Tripp v. State, 622 So.2d 941 (Fla.1993). The trial court, which obviously did not have the benefit of Tripp, had the following exchange with Dotson at the sentencing on the violation of probation:
THE COURT: ....
[[Image here]]
... Credit for all time you served.
[[Image here]]
THE DEFENDANT: Is that — on that time served, does that include the prison time that Judge Cary gave me for the charges that is coming back on here?
THE COURT: Only credit time served you get is the time you served on this particular case. Any time served on any other cases, unless it was concurrent with this case, I can’t speak to, but for any day that you served on this particular offense, you get credit for, up until and includes today. Okay.
In Tripp, the supreme court stated:
We hold that if a trial court imposes a term of probation on one offense consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense.
Tripp, 622 So.2d at 942. In a footnote the supreme court explained:
We note that prior to the enactment of chapter 89-531, Laws of Florida, “credit for time served” included jail time actually served and gain time granted pursuant to section 944.275, Florida Statutes (1991). State v. Green, 547 So.2d 925, 927 (Fla.1989). It did not include “provisional credits” or “administrative gain time” which is used to alleviate prison overcrowding and is not related to satis *585 factory behavior while in prison. See § 944.277, Fla.Stat. (1991). By virtue of chapter 89-531, the revocation of probation or community control now serves to forfeit any gain time previously earned. This change in the law is inapplicable to Tripp because his crimes were committed before October 1,1989, the effective date of the act.
Tripp, 622 So.2d at 942 n. 2.
We remand this case to the trial court to clarify Dotson’s sentence. If the order of clarification reflects that the jail time credit complied with the dictates of Tripp, no change in the sentence is necessary. If Tripp requires the awarding of additional jail time credit, we direct the trial court to enter an order awarding the necessary jail time credit. In either instance, the defendant need not be present.
SCHOONOVER, A.C.J., and ALTENBERND, J., concur.