PER CURIAM.
Appellant, Randall Wilken, argues and the state concedes, that he is entitled to credit for five years in prison on his sentence for violation of probation. We agree, and reverse on the authority of Tripp v. State, 622 So.2d 941 (Fla.1993) (holding that if the trial court imposes a term of probation on one offense, consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense). Thus, we direct the lower court to recalculate Wilken’s credit for time served to include credit for five (5) years in prison on the lewd and lascivious count, in addition to time served for the period he was in jail prior to his original sentencing and subsequent to his arrest for the violation of probation. Wilken need not be present at the resentencing. See Cox v. State, 557 So.2d 674 (Fla. 2nd DCA 1990) (appellant need not be present for sentencing on remand to delete his community control).
ANSTEAD, STONE and POLEN, JJ., concur.