631 So.2d 390 (1994)
Colon CAMPBELL, Appellant,
v.
STATE of Florida, Appellee.
Nos. 93-801, 93-802.
District Court of Appeal of Florida, First District.
February 16, 1994.
Nancy A. Daniels, Public Defender, and Jamie Spivey, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Chief Judge.
Colon Campbell appeals from concurrent 15-year guidelines sentences imposed on two separate offenses following the revocation of his probation. He argues that the supreme court's decision in Tripp v. State, 622 So.2d 941 (Fla. 1993), requires reversal and remand to allow credit for all time served on both offenses against the concurrent sentences imposed after revocation of probation. We agree.
Appellant was originally adjudicated guilty on an aggravated battery charge in case number 88-730 and sentenced to prison for a term of 4 years, to be followed by 6 months' probation. He was released from prison and soon thereafter violated probation during *391 April 1990. His probation was revoked and he was sentenced to serve 6 months in county jail and then have his 6 months' probation reinstated. However, soon after his release from jail, Appellant was arrested on November 4, 1990, on new charges filed in case number 90-1087. He was adjudicated guilty of three charges  burglary of a dwelling, trespass after warning, and resisting an officer without violence  and sentenced in that case to 5 years in prison to be followed by 3 years' probation. In addition, his probation in case number 88-730 was ordered to be reinstated consecutive to his release from prison on the sentence in case number 90-1087.
In due course, in November 1992, Appellant was released from prison but again violated conditions of probation in both cases. At the revocation hearing, the trial court referred to a sentencing guidelines scoresheet that listed the several offenses in case number 90-1087 as primary and additional offenses, and the offense in case number 88-730 as a prior offense. The scoresheet reflected a total of 112 points, resulting in a permitted range cell of 3 1/2 to 7 years. However, the 3-cell bump-up authorized by rule 3.701(d)(14), Florida Rules of Criminal Procedure, based on the preceding three probation violations increased the permitted range to the cell prescribing 7 to 17 years. Pursuant to this cell, the court imposed concurrent 15-year sentences in each case. Further, the court allowed 4 1/2 years' credit for time served against the sentence imposed in case number 88-730, and 5 years' credit for time served against the sentence imposed in case number 90-1087, leaving 10 1/2 years to be served in the 1988 case and 10 years in the 1990 case. The court rejected defense counsel's argument that a total of 9 1/2 years should be applied against the guidelines sentence. Appellant argues that these circumstances are controlled by the supreme court's decision in Tripp, and that he is entitled to 9 1/2 years' credit for time served towards the 15-year guidelines sentence in each case.
In Tripp, the supreme court held that: if a trial court imposes a term of probation on one offense consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense. [Footnote omitted.]
622 So.2d at 942. In arriving at this holding the supreme court observed:
The purpose of the sentencing guidelines is "to establish a uniform set of standards to guide the sentencing judge in the sentence decision-making process" so as to eliminate unwarranted variation in sentencing. Fla. R.Crim.P. 3.701(b). One guidelines scoresheet must be utilized for all offenses pending before the court for sentencing. Fla.R.Crim.P. 3.701(d)(1). A sentence must be imposed for each separate offense, but the total sentence cannot exceed the permitted range of the applicable guidelines scoresheet unless a written reason is given. Fla.R.Crim.P. 3.701(d)(12). Sentences imposed after revocation of probation must be within the recommended guidelines range and a one-cell bump. Fla.R.Crim.P. 3.701(d)(14).
Id. The supreme court rejected the state's argument that Tripp was convicted of two separate charges and received two separate sentences, explaining that:
The State, however, ignores the fact that both offenses were factors that were weighed in the original sentencing through the use of a single scoresheet and must continue to be treated in relation to each other, even after a portion of the sentence has been violated.
Id. Thus, the apparent intent of the guidelines rule is to require a single scoresheet for all offenses pending before the court for sentencing when sentence is imposed in any one of them, and to require that sentences be imposed pursuant to that scoresheet on all pending offenses in relation to each other.
While the facts in Tripp are somewhat different from the facts in this case, we conclude that the rationale in Tripp requires reversal. In the instant case, although the record does not establish conclusively that the 1988 and 1990 offenses were originally scored on a single scoresheet at the time of initial sentencing on the 1990 offenses and *392 resentencing on the 1988 offense, clearly they should have been. For this reason, we are persuaded that once these two cases were initially weighed in the original sentencing scheme in 1990, the decision in Tripp requires that they "be treated in relation to each other, even after a portion of the sentence has been violated." Id. Therefore, the trial court erred in not giving credit for the total 9 1/2 years' time served by Appellant against the sentences imposed upon revocation of probation in both cases.
We reverse Appellant's sentences and remand for resentencing in accordance with this opinion.
REVERSED and REMANDED.
BARFIELD and KAHN, JJ., concur.