ALTENBERND, Judge.
Ronald C. Westendorf appeals an order denying his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He maintains that he is entitled to prison credit under Tripp v. State, 622 So.2d 941 (Fla.1993), for sentences imposed upon violation of probation. No documents are attached to the order denying relief, and the state concedes that Mr. Westendorf may be entitled to credit on at least one of his sentences. Accordingly, we reverse and remand for further proceedings.
It appears, from our limited record, that the trial court placed Mr. Westendorf on probation on January 19, 1990, in case number 89-10884-A after he pleaded nolo conten-dere to the offense of carrying a concealed firearm. Shortly thereafter, he committed several additional offenses, resulting in a multi-count information in case number 90-4660. On April 30, 1990, he was sentenced for both the probation violation in 89-10884 and the new offenses in 90-4660. We assume that a single scoresheet was used. At that sentencing hearing, Mr. Westendorf received 3½ years’ incarceration for one count in 90-4660. This term of incarceration was followed by concurrent terms of 3 years’ probation in 89-10884 and on another count in 90-4660.
After he had served the prison term, but while on probation in both cases, the state charged Mr. Westendorf as a felon in possession of a firearm in case number 93-7642. In February 1994, the trial court sentenced him on this new offense, as well as for violation of probation on the two older eases. The trial court sentenced him to three concurrent 5-year sentences. The sentences in 89-10884 and 93-7642 allowed no credit for the time previously served in 90-4660. The sentence in 90-4660 only allowed credit for time served on the specific count for which the 3½ -year prison term had been imposed.
Under Tripp, it is clear that Mr. Westendorf is entitled to prison credit in 90-4660 for the time served on the other count for which the probationary term was initially imposed. Because the original period of incarceration was imposed at a single sentencing hearing, governed by one scoresheet for both 89-10884 and 90 — 4660, Tripp requires that credit must be given to any subsequent period of incarceration in either case. See Mongiouvi v. State, 639 So.2d 686 (Fla. 2d DCA 1994). Because case number 93-7642 was not involved in the sentencing at which incarceration was first imposed, and that offense had not occurred at that point, we do not interpret Tripp to require credit for that period of incarceration. Slater v. State, 639 S.2d 80 (Fla. 2d DCA 1994).
Reversed and remanded.
LAZZARA and QUINCE, JJ., concur.