PER CURIAM.
In this appeal from a denial of his motion to correct an illegal sentence, appellant claims that the court erred in denying relief because Tripp v. State, 622 So.2d 941 (Fla. 1993), applies. That ease held that where a trial court imposes a term of probation on an offense consecutive to a sentence of incarceration on another offense, when the probationer violates his probation, credit for time served on the first offense must be awarded on the sentence imposed after revocation. Here, appellant is in a similar position to the defendant in Tripp. He was sentenced to incarceration in 1990 for one charge and to probation on another, to be served consecutive to the incarceration. He was arrested on another charge while on probation. Based on a plea of guilty to the violation of probation, appellant was sentenced to nine years in prison with credit for jail time served on the violation of probation. No credit for his first incarceration was mentioned at the sentencing.
Under Tripp, appellant is entitled to credit for the time spent incarcerated on the first offense. Litvin v. State, 639 So.2d 71 (Fla. 4th DCA 1994); Jean v. State, 627 So.2d 592 (Fla. 2d DCA 1993). Therefore, we remand to the trial court to give credit in accordance with Tripp for the time served on the first offense.
Reversed and remanded.
GLICKSTEIN, STONE and WARNER, JJ., concur.