PER CURIAM.
Pursuant to a negotiated plea agreement, David Jackson (Jackson) pled guilty to three counts of selling cocaine. He was sentenced to one year county jail on the first count, followed by one year probation on the second count, and two years probation on the third count. In addition, the court imposed a $350 public defender fee and $253 in court costs.[1] Jackson subsequently violated the terms of his probation and his probation was revoked. The trial court sentenced him to concurrent terms of four and a half years prison on the two counts which originally carried probation. Over defense objection, the trial court denied him credit for the time served in county jail on the first count. Jackson appeals this sentence.
The State properly concedes error. Tripp v. State, 622 So.2d 941, 942 (Fla. 1993) (“if a trial court imposes a term of probation on one offense consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense”). By imposing the sentence in this case, the trial court imposed a five and a half year sentence, which is one year beyond the permitted range of a one cell bump-up. The trial court should have credited Jackson with the actual jail time served on the first offense.[2] We, therefore, affirm the revocation of probation, vacate Jackson’s sentence and remand for resentencing consistent with Tripp.
We have reviewed Jackson’s second point on appeal and find it to be without merit.
Accordingly, we AFFIRM in part, and REVERSE and REMAND in part.
WEBSTER, MICKLE and LAWRENCE, JJ., concur.

. The $253 in court costs consists, in part, of $200 imposed pursuant to section 27.3455, Florida Statutes (1991). The $350 in public defender fees was imposed pursuant to section 27.56, Florida Statutes (1991).

. Gain time previously earned in jail up to the date of his release on probation may be forfeited. §§ 944.28(1), 948.06(6), Fla.Stat. (1991).