PER CURIAM.
Brown appeals his sentence for sale of cocaine imposed after revocation of probation. The state concedes that the trial court erred in failing to give Brown credit for time served. We reverse and remand for resen-tencing.
On November 19, 1992, Brown was charged as a principal to the sale of cocaine (Count II) and with a separate sale of cocaine (Count III). Brown entered a plea of no contest to Count III and to possession of cocaine, as a lesser included offense of Count II. On March 17, 1993, Brown was sentenced to 5 years on the possession charge, followed by 10 years’ probation on Count III. Brown was released from prison on control release on October 21, 1993, which terminated on April 20, 1994. He then began his probationary term. On October 13, 1994, an affidavit of violation of probation was filed. On November 7, 1994, the lower court revoked probation, and imposed a seven-year sentence with 51 days’ credit for time served.
The lower court failed to give Brown credit for time served in prison on Count II when it revoked the subsequent probationary term imposed on Count III.
[I]f a trial court imposes a term of probation on one offense consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense.
Tripp v. State, 622 So.2d 941 (Fla.1993). Accordingly, we reverse and remand with instructions to resentence Brown so that the order reflects that Brown is entitled to credit on the sentence imposed upon revocation of probation for time served on Count II.
ERVIN, BENTON and VAN NORTWICK, JJ., concur.