PER CURIAM.
Marcus Smger appeals the demal of Ms motion to correct an illegal sentence. We *1275 reject Ms contention that Ms sentences exceeded the statutory máximums and affirm the trial court’s demal of relief on tMs ground. However, because Singer did not receive the proper credit under Tripp v. State, 622 So.2d 941 (Fla.1993), we reverse the demal on tMs claim.
Singer was convicted of driving under the influence in case 92-7018, a third-degree felony under section 316.193(2)(b), Florida Statutes (1991), and he received a probationary split sentence. During the probationary period, Singer was again convicted of driving under the influence in ease 93-11450. For the violation of probation in case 92-7013, Singer was sentenced to two-and-a-half years in prison followed by two-and-a-half years’ probation. At the same time, Singer received five years’ probation in case 93-11450 to run consecutive to the sentence in case 92-7013. After he violated probation again, the trial court imposed two concurrent terms of four years in prison but awarded credit for prison time only in case 92-7013.
“[I]f a trial court imposes a term of probation on one offense consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense.” Tripp v. State, 622 So.2d 941, 942 (footnote omitted). Thus, Singer is entitled to credit on case 93-11450 for the prison time served on case 92-7013 after Ms first violation of probation. Accordingly, the trial court’s order denying relief on tMs ground should be reversed and the case remanded for an award of proper credit under Tripp. In all other respects, the order denying relief is affirmed.
Affirmed in part, reversed in part and remanded.
SCHOONOVER, A.C.J., and BLUE and WHATLEY, JJ., concur.