PETERSON, J.
Alfred Wagner violated the terms of his probation in Circuit Court Case No. 82-1942CFA and elected to be re-sentenced under the guidelines, pursuant to section 921.001(4)(b)1., Florida Statutes (1997). Based on Wagner’s scoresheet total, the trial court sentenced him to seven years in the Department of Corrections. Wagner appeals that sentence. Based on Tripp v. State, 622 So.2d 941 (Fla.1993), we find we must vacate this sentence.
Wagner was originally sentenced in 1983, shortly before the guidelines went into effect, to 15 years incarceration for a second degree felony and to probation for a second count of the same offense. He served his prison term for the first count before violating the probation for the second count which led to the instant re-sentencing.
In Tripp, the supreme court held that, under the sentencing guidelines, if a trial court imposes a term of probation on one offense consecutive to a term of incarceration for another offense (as part of one sentencing scheme), credit for time served on the one offense must be awarded on the sentence imposed after revocation on the other offense. In the instant case, as noted, Wagner chose to be re-sentenced under the guidelines. Under the guidelines as interpreted by the supreme court in Tripp, Wagner must now receive a credit for 15 years on the second count for the 15 years he served pursuant to the first count. That credit exceeds the guideline sentence available for the violation of probation on the second count. Therefore, no incarcerative penalty is available for the probation violation.
We vacate the incarcerative sentence imposed in case no. 82-1942CFA, and remand for a non-incarcerative sentencing alternative.
SENTENCED VACATED; REMANDED.
GOSHORN and ANTOON, JJ., concur.