PER CURIAM.
Benjamin Kennedy appeals an order denying his motion to allow jail credit pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse.
Mr. Kennedy alleges that he was incarcerated on several charges in the Polk County Jail for 212 days prior to sentencing on July 9, 1999. He alleges that he received 212 days of credit for case number 98-04657; 176 days for case number 99-02448; but no credit in ease numbers 99-3121 and 99-2444. The attachments to the trial court’s order appear to confirm Mr. Kennedy’s allegations. The sentences are concurrent terms of 20 months’ incarceration. It is not apparent from our record why the awards of jail credit are different, especially for the 1999 offenses.
The trial court denied the request for 212 days’ jail credit on each sentence. The order states that Mr. Kennedy is seeking relief under Tripp v. State, 622 So.2d 941 (Fla.1993). Mr. Kennedy’s motion does not cite Tripp and seems to claim only that he had been charged with all of these crimes and was serving time in jail on all of them prior to sentencing. We are inclined to believe that Mr. Kennedy’s claim for jail credit can be resolved under rule 3.800(a).
Mr. Kennedy also requests credit for time served after sentencing and prior to transfer to the Department of Corrections. The trial court properly denied jail credit for this period. The sheriff is obligated to report this post-sentencing period of imprisonment to the Department, and the Department calculates the effect of this jail time. See § 921.161, Fla. Stat. (1999)
Reversed and remanded.
ALTENBERND, A.C.J., and WHATLEY and NORTHCUTT, JJ., Concur.