ORFINGER, R.B., J.
Jennifer Rae Weigle appeals the trial court’s order summarily denying her rule 3.800(a) motion seeking prison credit for time served pursuant to Tripp v. State, 622 So.2d 941 (Fla.1993). We remand for further proceedings.
On September 1, 1995, Weigle entered “no contest” pleas and was sentenced in ten circuit court cases involving multiple counts. For her numerous offenses, she received an aggregate sentence of ninety-four months in prison followed by fifteen years probation in case nos. 95-205 and 95-207.
After being released from prison, Weigle violated her probation and was resen-tenced to an additional ninety months in prison. Weigle filed a motion pursuant to rule 3.800(a) alleging that under Tripp, she should have received credit for the time spent in jail and prison on the other cases for which she was sentenced at the same' time.
The State concedes in its response that the trial court failed to award Weigle proper credit for time served in accordance with Tripp for case nos. 95-205 and 95-207. Because Weigle’s claim under Tripp appears to be legally sufficient, we remand the matter to the trial court to either award Weigle the credit due under Tripp or to deny the claim with supporting attachments.[1] See, e.g., Bunch v. State, 622 So.2d 525, 526 (Fla. 5th DCA 1993).
REMANDED.
SHARP, W., and SAWAYA, JJ., concur.

. In Hodgdon v. State, 789 So.2d 958 (Fla. 2001),
*1218 the Supreme Court clarified Tripp. That decision will be helpful in determining the proper calculation of Weigle's Tripp credit, if any.