814 So.2d 1128 (2002)
Guy BARNES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-117.
District Court of Appeal of Florida, Second District.
April 5, 2002.
*1129 BLUE, Chief Judge.
Guy Barnes appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In his admittedly less than artfully drafted motion, Barnes makes a claim which may have merit pursuant to Tripp v. State, 622 So.2d 941 (Fla.1993). Because the trial court failed to consider this claim, while properly denying Barnes' claims presented in an amended motion, we affirm in part but remand to the trial court to consider the Tripp issue.
Barnes pleaded guilty to two counts of attempted sexual battery and to one count of a lewd and lascivious act in case number 89-1193. In case number 89-11041, he pleaded no contest to one count of sexual battery. He was sentenced, using a single scoresheet, to concurrent terms of twelve years' incarceration for all counts in 89-1193, followed by a fifteen-year probationary period in 89-11041.
After being released from prison, Barnes violated his probation and was placed on community control. Barnes violated community control and was sentenced to prison. Barnes contends that upon his sentencing for violation of community control in case number 89-11041, he was entitled to the credit for the time previously served in case number 89-1193. The trial court, however, failed to address this claim. It appears that Barnes may be entitled to credit. If a trial court imposes probation on one offense consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense. See Tripp; see also Cook v. State, 645 So.2d 436 (Fla.1994). Accordingly, we reverse and remand for the trial court to address this claim. We affirm the trial court's order as to Barnes' other claims.
Affirmed in part, reversed in part, and remanded.
DAVIS and KELLY, JJ., Concur.