COPE, J.
Thomas J. Gilbert appeals an order denying his motion to correct illegal sentence. We affirm.
In earlier proceedings, this court remanded for resentencing of defendant-appellant Gilbert within the 1994 guidelines. Gilbert v. State, 706 So.2d 135 (Fla. 3d DCA 1998); see also Gilbert v. State, 680 So.2d 1132 (Fla. 3d DCA 1996). After resentencing, there was a further appeal, and this court affirmed. Gilbert v. State, 755 So.2d 197 (Fla. 3d DCA 2000). By this motion to correct illegal sentence, the defendant argues that his sentence exceeds the legal maximum. We believe this claim to be procedurally barred, as it appears to have been raised and rejected in the appeal decided in 2000.
In any event, we conclude that the sentence is legal. Insofar as pertinent here, the defendant’s 1994 guidelines were for a maximum sentence of 32.6 years. Defendant was sentenced to concurrent terms of thirty years incarceration for sexual battery on counts one, two, and four. These are all first degree felonies.*
The defendant was given a consecutive thirty year probationary term for a fourth sexual battery count, count five.
The defendant argues that when imposing a sentence of incarceration followed by probation, the combined total cannot exceed 32.6 years, which is the maximum of his guidelines score. That is not so.
*624 The decision in Tripp v. State, 622 So.2d 941 (Fla.1993), considered a similar issue. The incarcerative part of the sentence is permissible so long as it does not exceed the guidelines amount. A consecutive probationary period is permissible up to the legal maximum. Since the trial court is allowed to impose consecutive sentences, see § 921.16, Fla. Stat., Tripp, 622 So.2d at 942-43; Hoffman v. State, 776 So.2d 286, 287 (Fla. 3d DCA 2000), it follows that the consecutive term of thirty years of probation in this case is within the legal maximum. The Tripp decision does, however, impose a limitation on the amount of incarceration which can be ordered if the defendant violates the consecutive term of probation. 622 So.2d at 942.
We affirm on the remaining issues without comment.
Affirmed.

 There were concurrent sentences on multiple third degree felonies, which are immaterial here.