860 So.2d 982 (2003)
Leland ATKINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-1417.
District Court of Appeal of Florida, First District.
July 30, 2003.
Rehearing Denied December 16, 2003.
*983 Appellant, pro se.
Charlie Crist, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges an order of the trial court summarily denying his motion field pursuant to Florida Rule of Criminal Procedure 3.800(a), in which he sought prison and jail credit. The appellant was originally sentenced together on case numbers 89-1036 and 89-1189 as follows: to 15 years of incarceration on count one of case number 89-1036, to be followed by seven years of incarceration and eight years of probation on counts two, three, and four of case number 89-1036, concurrent with the only count in case number 89-1189. The appellant completed all his terms of incarceration, violated his probation, and was then resentenced to 15 years of incarceration on count two of case number 89-1036, with credit under Tripp v. State, 622 So.2d 941 (Fla.1993), for the 15 years of incarceration he had completed on count one, to be served concurrently to 15 years of incarceration on count three with credit for the seven years of incarceration previously served on this count; and on count four of case number 89-1036 and count one of case number 89-1189, to 10 years of incarceration on each count, to be served consecutively to counts two and three but concurrently to each other, with no prison credit awarded.
The appellant brings three distinct claims: (1) that under Tripp he was not properly credited with prior prison time served on count one of 89-1036 against counts three and four of that case, (2) that he was not properly credited for the full prison term served on case numbers 89-1036 count four, and 89-1189, including gain time, and (3) that he was not properly credited for all jail time served on all his counts prior to his resentencing. We reverse the denial of claim number one as to count three, affirm the denial of claim number one as to count four, and reverse the denial of claim number two. Because claim three is facially insufficient, we affirm the denial of this claim without further comment.
The appellant's entitlement to relief on his first claim depends upon whether his sentences upon revocation were imposed concurrently or consecutively. When an appellant is entitled to Tripp credit and receives concurrent sentences upon violation of probation, such an appellant is entitled to concurrent Tripp credit on such concurrent sentences. See Campbell v. State, 631 So.2d 390, 390-91 (Fla. 1st DCA 1994); Singer v. State, 679 So.2d 1274, 1275 (Fla.2d DCA 1996). Therefore, because the appellant was sentenced to concurrent 15 year terms of incarceration on counts two and three, the appellant was also entitled to receive concurrent terms of Tripp credit on both counts two and three in the amount of the 15 years previously served on count one.
In contrast, when an appellant is entitled to Tripp credit and receives consecutive sentences upon violation or probation, the appellant is not entitled to Tripp credit on each consecutive count and must only receive such credit once as to any consecutive sentences. See Hodgdon v. State, 789 So.2d 958, 963 (Fla.2001). Therefore, the appellant was properly denied Tripp credit on count four because count four was sentenced consecutively to counts two and three. Accordingly, on claim one we reverse the denial of Tripp credit on count three, and affirm the denial of Tripp credit on count four.
The trial court's denial of the appellant's second claim, for prison credit *984 previously served on each count, is reversed because appellants are always entitled to prison credit previously served upon violating the probationary portion of a split sentence. See Layman v. State, 787 So.2d 44, 45 (Fla.2d DCA 2001). Appellants who originally served concurrent probationary split sentences are entitled to prison credit earned on each count when resentenced even if the new incarcerative terms are run consecutively to each other. See Jones v. State, 633 So.2d 482, 482-83 (Fla. 1st DCA 1994); Tillman v. State, 693 So.2d 626, 628 (Fla.2d DCA 1997). Therefore, the appellant should have received seven years of prison credit on count four of case number 89-1036 and on case number 89-1189, even though these sentences were run consecutively to counts two and three of case number 89-1036 upon revocation of probation.[1]
Since claim number one as to count three, and claim number two as a whole are both facially sufficient and not refuted by the record, we reverse the denial of these claims and remand for the award of proper prior prison credit or for record attachments which conclusively refute the appellant's entitlement to relief on these claims. We affirm the denial of claim number one as to count four, and affirm the denial of claim three.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.
WOLF, C.J., BROWNING and HAWKES, JJ., concur.
NOTES
[1] Because the appellant served seven years of prison on each of his counts before being resentenced upon violation of probation, the appellant is entitled to seven years of credit on each count. However, the appellant did not claim the entitlement to this credit on counts two and three. Since the appellant will receive 15 years of Tripp credit on counts two and three, an additional award of seven years of credit on these counts would have no effect. We note that the entitlement to Tripp credit on these counts does not affect the appellant's entitlement to prison credit directly served on these counts.