PER CURIAM.
The appellant challenges that trial court’s order summarily denying her motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the appellant has a facially sufficient claim that she is entitled to prison credit pursuant to Tripp v. State, 622 So.2d 941 (Fla.1993), we re *191 verse. All other issues raised on appeal are affirmed without further discussion.
On July 15, 1996, the appellant was sentenced on multiple cases, pursuant to the sentencing guidelines, to five years’ imprisonment on count one, all cases concurrent, followed by five years’ probation on count two, all cases concurrent to each other and consecutive to count one. The appellant subsequently violated her probation and was sentenced to prison on all cases with some counts consecutive and some counts concurrent. The appellant alleged in her motion that she was entitled to prison credit for the time that she served on the incarcerative portion of her original sentence. When the trial court imposed a term of imprisonment bn one offense and a consecutive term of probation on a separate offense under the sentencing guidelines, the appellant was entitled to credit for time served on the incarcerative portion of her offense when she was sentenced for violating her probation. Tripp v. State, 622 So.2d 941 (Fla.1993). The trial court failed to attach any portions of the record to refute the appellant’s claim that she is entitled to Tripp credit.
We, therefore, reverse the trial court’s summary denial of the appellant’s claim that she is entitled to Tripp credit and remand for the trial court to attach portions of the record that conclusively refute the appellant’s claim or for further proceedings consistent with this opinion. We affirm all other issues.
AFFIRMED in part, REVERSED in part, and REMANDED.
BARFIELD, KAHN, and HAWKES, JJ., concur.