PER CURIAM.
Charles Miller appeals an order denying his motion to correct an illegal sentence.
In Case Number 91-22625, Miller entered a negotiated plea to armed robbery and aggravated battery. He received concurrent terms of ten years probation.
In 1993, Miller violated his probation by committing a new substantive offense, aggravated battery, charged in Case Number 93-5219. On November 23, 1993, he was sentenced for the 1993 aggravated battery to six years in prison. For the violation of probation in the 1991 case, he was placed on seven years probation to run consecutive to his prison sentence for the new offense. The offenses in both cases were scored as primary offenses on the same guidelines scoresheet.
In 1996, Miller again violated his probation by committing a new offense, sexual battery. For violating probation in the 1991 case, he was sentenced within the permissible range on his scoresheet to life in prison for robbery and 15 years in prison for the aggravated battery.
In his motion to correct an illegal sentence, Miller argued that he was entitled to the credit for time served in the 1993 case against his prison sentence for violation of probation in the 1991 case based on Tripp v. State, 622 So.2d 941 (Fla.1993). We agree.
In Tripp, the Florida Supreme Court held that when separate offenses are sentenced together on the same score-sheet, they “must continue to be treated in relation to each other, even after a portion of the sentence has been violated.” Id. at 942. As a result,
if a trial court imposes a term of probation on one offense consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense.

Id.

In Cook v. State, 645 So.2d 436 (Fla.1994), the Florida Supreme Court held that Tripp applies to the situation in this case where a defendant is sentenced to prison for a new offense and resentenced to a consecutive term of probation for violating probation in a previous case. The defendant is entitled to Tripp credit in this situation because both offenses were scored on the same scoresheet.
Accordingly, we reverse. On remand, the circuit court shall award Miller credit for the time he served on his 1993 case on *917 the sentence imposed for violating probation in the 1991 case.
GUNTHER, POLEN and TAYLOR, JJ., concur.