PER CURIAM.
Tony Jefferson appeals an order entered on a letter that Jefferson sent to the trial court seeking to enforce this court’s mandate in Jefferson v. State, 902 So.2d 898 (Fla. 4th DCA 2005). Because the record in this case is clear that Jefferson is entitled to the relief he seeks, we grant relief and order the trial court to comply with this court’s mandate.
We have already determined that Jefferson is entitled to be credited in lower court case number 89-1175 with 17 years credit for time served (including all gain time) on case number 89-1166. Id. In this case, the Department of Corrections had no authority to forfeit gain time earned in 89-1166. See Tripp v. State, 622 So.2d 941, 942 n. 2 (Fla.1993) (explaining that revocation of probation was not a basis for forfeiting gain time where the offense was committed before October 1,1989).
We have also determined that section 947.141(4), Florida Statutes (1989), provides no authority for forfeiture of gain time in this situation. Jefferson’s consecutive term of probation in 89-1175 had to be substituted for any conditional release supervision in 89-1166. § 947.1405(2), Fla. Stat. (1989) (providing that “[i]f an inmate has received a term of probation or community control supervision to be served after release from incarceration, the period of probation or community control must be substituted for the conditional release supervision”). The state has been unable to furnish any documents to show that Jefferson was on conditional release in case number 89-1166.
We reject the state’s argument that the substitution clause of section 947.1405(2) did not apply to the probation in 89-1175 because it was “independent” from 89-1166. Both cases were originally sentenced together and on the same score-sheet and “must continue to be treated in relation to each other.” Tripp, 622 So.2d at 942. Any ambiguity in the statute must be resolved in favor of the criminal defendant. § 775.021(1), Fla. Stat. (codifying the rule of lenity).
The trial court shall immediately correct the sentence in 89-1175 and grant Jefferson credit for 17 years time served on case 89-1166 as this court had previously mandated. If, after granting this credit, it becomes apparent that Jefferson’s continued detention would be illegal, then the trial court shall provide for Jefferson’s immediate release from incarceration.
FARMER, KLEIN and TAYLOR, JJ., concur.