PER CURIAM.
 

 Sabrina Freeman-Jew challenges the postconviction court’s order denying her motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for the trial court to amend the sentencing documents in case number CF91-398 to reflect the appropriate credit for time served pursuant to
 
 Tripp v. State,
 
 622 So.2d 941 (Fla.1993).
 

 Freeman-Jew was charged in circuit court case number CF91-2133 with one count of second-degree felony grand theft for an offense alleged to have taken place between June and November 1990. In circuit court case number CF91-398, she was charged with, inter alia, multiple counts of forgery and uttering a forged instrument for events allegedly taking place in December 1990. All the counts in CF91-398 were third-degree felonies. Freeman-Jew entered guilty pleas to the grand theft in CF91-2133 and to four counts of forgery (counts one, five, nine, and thirteen) and four counts of uttering (counts two, six, ten, and fourteen) in CF91-398. She was sentenced on October 28, 1991, according to the sentencing guidelines then in effect.
 
 See
 
 Fla. R.Crim. P. 3.701; 3.988. A scoresheet was prepared listing the grand theft in CF91-2133 as the primary offense and the eight counts in CF91-398 as additional offenses. The value calculated by the scoresheet amounted to 232 points, giving a recommended sentencing range of twelve to seventeen years and a permitted range of nine to twenty-two years.
 
 See
 
 Fla. R.Crim. P. 3.988(f). The court imposed a fifteen-year prison sentence on the grand theft count in CF91-2133 and five-year probationary terms on each of the eight counts in CF91-398. The probationary terms were set to run concurrently with each other but consecutively to the prison term.
 

 Freeman-Jew was released from prison and was subsequently arrested and convicted for a new offense. As a result, at a hearing held on June 4, 1996, the court revoked her probation in CF91-398. The court sentenced her to twenty-five years as a habitual felony offender for the new law violation and to a total of fifteen years in CF91-398, structured as three terms of five years each for counts one, five, and nine. The three five-year terms were set to run consecutively to each other and to the twenty-five-year sentence for the new law violation. With the remaining five counts in CF91-398, the court imposed
 
 *1256
 
 fifteen years of probation consecutive to the prison sentence.
 
 [1]
 
 In the sentencing document for count one of CF91-898, the court included a directive that credit for time served in CF91-2133 be applied to that five-year sentence.
 

 Freeman-Jew argues that the sentencing court in 1996 failed to structure the written sentences in a way that would allow the Department of Corrections to apply prison credit in line with the requirements of
 
 Tripp,
 
 622 So.2d at 942. She argues that because the sentencing court applied credit for time served to the five-year sentence on only one count in CF91-398 and not all three counts, the full potential fifteen years of
 
 Tripp
 
 credit cannot be effected. In denying the rule 3.800(a) motion, the postconviction court concluded that any relief available to Freeman-Jew based on
 
 Tripp
 
 credit must be sought using the administrative process available to prisoners in the Department of Corrections.
 

 In
 
 Tripp,
 
 the supreme court held that when a court imposes a postrevocation sentence where the original sanctions on two underlying offenses were prison for the first offense followed by probation for the second offense, the court is required to award credit for time served on the first offense toward the new prison sentence on the second offense.
 
 Id.
 
 at 942-43. Rule 3.800(a) may be used to challenge a trial court’s failure to award
 
 Tripp
 
 credit.
 
 See, e.g., Barnes v. State,
 
 814 So.2d 1128 (Fla. 2d DCA 2002).
 

 We conclude that the sentencing documents do not reflect the full amount of
 
 Tripp
 
 credit to which Freeman-Jew is entitled. We therefore reverse and remand for amendment of the sentencing documents in CF91-398 to reflect fifteen years of credit for prior prison time served in case number CF91-2133 against the total fifteen-year sentence imposed in CF91-398.
 
 See Hodgdon v. State,
 
 789 So.2d 958 (Fla.2001).
 

 We find no merit to the other issues raised by Freeman-Jew.
 

 Reversed and remanded.
 

 FULMER, DAVIS, and KELLY, JJ., Concur.
 

 [1]
 

 . The court imposed five years of probation for count thirteen, a consecutive five years for counts two and ten, and a consecutive five years for counts six and fourteen.