ALTENBERND, Judge,
Concurring in part and dissenting in part.
I concur in the certified question. I also appreciate the court’s effort in this opinion to remain obedient to the supreme court’s precedent in Larimore and Atkinson. Nevertheless, I am inclined to believe that this case is distinguishable from Larimore or that the supreme court should utilize the certified question in this case to narrow the effect of these opinions. Mr. Phillips should not be allowed to deprive the Department of Children and Family Services of jurisdiction over him by his own decision to forego an appeal and to delay a postconviction motion so that, on recalculation, his sentence expired before the un-preserved error was corrected.
I am not entirely confident that the appendix in this case is an adequate record to authorize a grant of relief. Although the parties agree that the facts are not in dispute, the record does not contain Mr. Phillips’ judgments and sentences. The sentencing transcript from the hearing on June 10, 2004, indicates that the maximum guidelines sentence in light of Mr. Phillips’ scoresheet was 5.5 years’ incarceration, but we do not have that scoresheet. I would, at a minimum, feel more confident in our analysis if those documents were in our record.
Reduced to its simplest terms, Mr. Phillips was sentenced on a violation of probation in Collier County on June 10, 2004. The court imposed the maximum sentence under the guidelines of 5.5 years’ incarceration. The transcript of that hearing reflects that credit for time served was not entirely resolved at the hearing. Apparently, the written sentence awarded 177 days’ jail credit. No one objected to these procedures at the hearing and, apparently, no one appealed this new sentence.
Mr. Phillips’ crimes were committed in 1989. By the time he was sentenced in 2004, no one in the courtroom seems to have been conversant with the sentencing law that applied in 1989. Mr. Phillips was entitled to Tripp credit for the two years he served in Georgia, and, apparently, that credit had been awarded to him in a 1992 sentence that is not in our record. See Tripp v. State, 622 So.2d 941 (Fla.1993).
If anyone in the courtroom had been more conversant with the earlier sentencing law, Mr. Phillips would have received the Tripp credit at that time. As a result, everyone would have understood that his sentence in June 2004 would reach its end by August 2005. If Mr. Phillips had appealed his sentence in 2004, it is likely that his appellate lawyer would have corrected this error by filing a motion under Florida Rule of Criminal Procedure 3.800(b) to correct the mistake, and it would have been corrected before August 2005. Under either of these hypothetical, Mr. Phillips would have been transferred to the Department of Children and Family Services in a timely and proper process that would not require this court to issue a writ of prohibition.[7]
But Mr. Phillips waited until April 2005 to file a motion to correct a sentencing error addressing the Tripp credit. The circuit court entered an order granting that motion on September 15, 2005.[8] The *958 order explained that Mr. Phillips needed to apply for this credit from the Department of Corrections. Mr. Phillips then further delayed this process by filing a motion for rehearing that is not in our record. The trial court denied that motion in November 2005 and Mr. Phillips was released by the Department of Corrections and transferred to the Department of Children and Family Services in early December 2005.
I do not believe that the sentence imposed without objection in June 2004 was void or somehow implicitly contained two years of undisclosed jail or prison credit. Although I have not seen this sentence, I have no reason to believe that it was not a facially legal sentence.
For these purposes, it seems to me that Mr. Phillips was lawfully held by the Department of Corrections until the additional prison or jail credit for his time in Georgia was added to his sentence. Mr. Phillips should not be allowed to deprive the Department of Children and Family Services of jurisdiction over him by his own decision to forego an appeal and to delay a postconviction motion so that, on recalculation, his sentence expired before the unpreserved error was corrected.
Our interpretation of Lanmore and Atkinson may have a perverse effect on sentencing in cases where a Jimmy Ryce proceeding is a possibility. Because a motion under rule 3.800(a) can be filed at any time and because, rightly or wrongly, we essentially permit de novo review of jail and prison credit under this rule, a defendant’s attorney is well advised to assure there is an unpreserved error in jail or prison credit when a client may be subject to civil detention. Once the error is rendered in the sentence, the defendant need only wait until the final portion of his sentence to file a motion under rule 3.800(a) to guarantee that the error will be corrected at a point that will divest the Department of Children and Family Services from jurisdiction. I see no reason why this outcome should be required as a matter of law.

. Although I do not agree that prohibition should be granted in this case on the ground alleged, it is noteworthy that Mr. Phillips has a pending civil commitment proceeding five years after he was released from prison. I must question the constitutionality of a procedure that holds a person in civil detention without a final determination for years when the statutes contemplate a trial within thirty days.

. Admittedly, Mr. Phillips may have hoped that the trial court would resolve his motion *958 prior to the end of August, but the resources of our trial courts are overwhelmed by such motions and this delay is not an unusual delay. Mr. Phillips' motion did not suggest that timing was critical or that his sentence was about to expire if his claim was valid.