NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WILLIAM J. MORRIN,                        )
                                          )
            Appellant,                    )
                                          )
v.                                        )           Case No. 2D13-5669
                                          )
                                          )
STATE OF FLORIDA,                         )
                                          )
            Appellee.                     )
_____)

Opinion filed July 8, 2015.

Appeal from the Circuit Court for Charlotte
County; Alane C. Laboda, Judge.

Howard L. Dimmig, II, Public Defender, and
Alisa Smith, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Brandon R. Christian,
Assistant Attorney General, Tampa, for
Appellee.


LUCAS, Judge.

        In this Anders[1] appeal, William Morrin challenges the legality of his

postrevocation prison sentences. We find merit in one of the points he raises, and the

State has conceded error. We reverse the circuit court's sentences.

_____

        [1]Anders v. California, 386 U.S. 738 (1967).

The record reflects that Mr. Morrin was charged with four counts of lewd or lascivious battery committed between July and September of 1990. Mr. Morrin entered a plea to the four counts. The trial court sentenced him to fifteen years in prison on count one followed by seven years in prison on count two. This prison sentence was to be followed by seven years of probation on count two, with that probation to run concurrently with ten years of probation on counts three and four. He completed the prison portion of his sentence. In 2011, as part of a negotiated agreement with the State, Mr. Morrin admitted to violating the terms of his probation, and he received a total sentence of twenty-seven years in prison. After a successful motion pursuant to Florida Rule of Criminal Procedure 3.800(a), the circuit court vacated Mr. Morrin's postrevocation sentences because he had already completed his sentence of imprisonment on count two prior to the filing of the probation violation affidavit. The court then resentenced him to fifteen years in prison on count three followed by twelve years in prison on count four.

Mr. Morrin argues that his postrevocation sentences are illegal because the court failed to award him credit for time he had served in prison on his original sentence against his postrevocation sentence. Mr. Morrin's argument is correct. See Tripp v. State, 622 So. 2d 941 (Fla. 1993). As this court explained in Freeman-Jew v. State, 18 So. 3d 1254, 1256 (Fla. 2d DCA 2009), under Tripp,

> when a court imposes a postrevocation sentence where the original sanctions on two underlying offenses were prison for the first offense followed by probation for the second offense, the court is required to award credit for time served on the first offense toward the new prison sentence on the second offense.

Mr. Morrin did not receive any <u>Tripp</u> credit. <u>Tripp</u> is applicable because Mr. Morrin's offenses took place before October 1, 1998. <u>Tripp</u>, 622 So. 2d at 942 n.2. Accordingly, we reverse and remand for the circuit court to award Mr. Morrin credit for the time he served in prison on counts one and two against his total twenty-seven-year sentences on counts three and four. <u>See</u> <u>Hodgdon v. State</u>, 789 So. 2d 958, 963 (Fla. 2001).

Reversed and remanded.

ALTENBERND and SLEET, JJ., Concur.