760 So.2d 888 (2000)
James D. ELDRIDGE, Petitioner,
v.
Michael W. MOORE, etc., Respondent.
No. SC93567.
Supreme Court of Florida.
April 13, 2000.
Rehearing Denied June 28, 2000.
*889 James D. Eldridge, Madison, Florida, Petitioner, pro se.
Louis A. Vargas, General Counsel, and Susan A. Maher, Deputy General Counsel, Tallahassee, Florida, for Respondent.
PER CURIAM.
James D. Eldridge petitions this Court for writ of habeas corpus. We have jurisdiction. Art. V, § 3(b)(9), Fla. Const.

FACTS
In July and September 1990, Eldridge committed a number of offenses for which he received true split sentences totaling twelve years in prison followed by three years on probation.[1] Eldridge actually served 1807 days (approximately five years) incarcerated and the Department of Corrections (hereinafter the Department) awarded him 2573 days (approximately seven years) of gain time. Therefore, in this manner Eldridge "satisfied" the twelve-year incarcerative portion of his sentence and was released in 1995 to begin serving his probation.
Eldridge violated his probation and the trial court revoked it. The court then resentenced Eldridge to a new sentence of fifteen years in prison and awarded all prior unforfeited gain time. The court later reduced the sentence to five years in prison. Due to the probation revocation, the Department forfeited the entire 2573 days of gain time it had originally awarded Eldridge. Therefore, Eldridge was informed that he had to actually serve the 2573 days of gain time previously awarded in prison, in addition to his new five-year *890 sentence (minus newly awarded gain time on that sentence).

ARGUMENT
The Petitioner argues that under Singletary v. Whittaker, 23 Fla.L. Weekly D1684 (Fla. 5th DCA 1998), withdrawn and superseded by 739 So.2d 1183 (Fla. 5th DCA 1999), the Department does not have the authority to forfeit Eldridge's gain time because to do so would essentially make his sentence longer than the five years the trial court ordered that he serve. In the 1998 decision of the Fifth District Court of Appeal, the court held that while the Department has statutory authority to forfeit gain time for violation of probation, the Department may only do so if the trial court has already awarded the gain time which the Department seeks to forfeit. Since the trial court had not done so in Whittaker's case, the Fifth District held that the Department could not forfeit Whittaker's gain time.
The Department counters that in the Fifth District's initial decision in Whittaker the court confused the trial court's sentencing powers (including the authority to award credit for actual time served) with the Department's authority to award and forfeit the credits it uses to encourage good behavior in prison and on supervision, and that there is nothing in the gain time statutes that requires the court to award any gain time before the Department can forfeit it.
While this case was pending in this Court, the Fifth District withdrew its 1998 decision and substituted its decision of July 17, 1999. See Singletary v. Whittaker, 739 So.2d 1183 (Fla. 5th DCA 1999). In the new decision the Fifth District held that, regardless of the fact that the petitioner in that case had been resentenced to a lesser term, since retention of gain time is statutorily conditional upon satisfactory behavior both while in prison and while on probation, the Department may forfeit all gain time, regardless of whether the trial court had decided not to do so. For the reasons set forth below, we agree with the Fifth District's 1999 decision in Whittaker.

THE GAIN TIME FORFEITURE PROCESS
When an inmate is awarded gain time while in prison, the inmate's release date is advanced and he or she is released earlier than would have been the case had no gain time been awarded. See § 944.275(1), Fla. Stat. (1999). When an inmate is released due in part to the award of that gain time and placed on probation or community control, the Department records a release date, or expiration of sentence date, for that particular sentence. See § 944.275(3)(a), Fla. Stat. (1999). If the trial court finds that the inmate violated his or her probation or community control and that it should be revoked, the inmate is returned to prison. See generally § 948.06, Fla. Stat. (1999). The Department, however, continues to maintain the original expiration date of the previous sentence until a decision is made as to the previously awarded gain time. See § 944.275(3)(a), Fla. Stat. (1999). That is, the previous expiration date, which was determined in large part, by the gain time awarded, is still on the Department's records and, at least on paper, the inmate retains his or her previously awarded gain time.
That gain time may be taken, however. It may be taken if the trial court does not check the box on the sentencing documents produced during the revocation proceedings indicating that gain time should be retained. See Forbes v. Singletary, 684 So.2d 173, 173-75 (Fla. 1996). If the trial court does not award that gain time, it has been forfeited. See State v. Green, 547 So.2d 925, 926 (Fla. 1989). If the trial court does check the box indicating that gain time is to be retained, the trial court has essentially indicated that it is not forfeiting gain time. The trial court, however, is not the only entity with the authority to forfeit gain time. The Department has also been given *891 the authority to forfeit gain time even if the trial court chose not to. See Forbes, 684 So.2d at 174. However, neither the trial court nor the Department may forfeit gain time upon probation or community control revocation if the inmate's underlying criminal offense was committed prior to October 1, 1989, which is when both the trial court and the Department were given such statutory authority. See Dowdy v. Singletary, 704 So.2d 1052, 1054 (Fla. 1998).
Both the petitioner in Whittaker and petitioner Eldridge committed their underlying criminal offenses after that date. Therefore, both the trial court and the Department of Corrections had the authority to forfeit gain time. With only minor changes, since October 1, 1989, that legislation has provided:
If a prisoner is convicted of escape, or if the clemency, conditional release as described in chapter 947, probation or community control as described in chapter 948, provisional release as described in s. 944.277, parole, or control release[[2]] as described in s. 947.146 granted to the prisoner is revoked, the department may, without notice or hearing, declare a forfeiture of all gain-time earned according to the provisions of law by such prisoner prior to such escape or his or her release under such clemency, conditional release, probation, community control, provisional release, control release, or parole.
See § 944.28(1), Fla. Stat. (1999).[3] There is nothing in the statute that requires that the trial court must award the gain time before the Department is permitted to forfeit it, and as discussed above, the inmate retains the previously awarded gain time until it is forfeited.
The Fifth District's confusion in the initial decision was understandable, however, due to the complexities involved in gain time law, and might have been caused, in part, by certain statements we made some ten years ago in State v. Green, 547 So.2d 925 (Fla.1989).
In Green, we stated that "accrued gain-time is the functional equivalent of time served." Id. at 926. Nevertheless, we have more recently made clear that due to subsequent statutory amendments, "Green [now] stands only for the proposition that upon revocation of probation, community control or provisional release, an inmate is entitled to credit for prior awarded gain time only if the underlying offense was committed prior to October 1, 1989." Dowdy v. Singletary, 704 So.2d 1052, 1054 (Fla.1998) (footnote omitted). That simply means that neither the trial court nor the Department may forfeit or fail to credit gain time under those limited circumstances.
Even though the relevant statutory authority has been in effect for over ten years, the concept that gain time is "the same thing" as time served still lingers. Thus, it appears that many judges assume that, like a jail time credit award, the trial court must award gain time before it is applied to the inmate's sentence. We wish to make clear that gain time is no longer to be considered as time served for all purposes. While the award of gain time reduces an inmate's release date, just as actual time spent incarcerated, it is clearly not synonymous with actual time served. On the contrary, gain time is time not served. It is merely an incentive device used by the Department for purposes of encouraging good behavior both in prison and on supervision.
There also seems to be another reason why the Fifth District, in its initial decision, concluded that the Department could not forfeit Whittaker's gain time. When an inmate violates the probationary portion of a split sentence and the trial court *892 resentences the inmate to a lesser term than the court originally imposed, or when the original sentence was a true split sentence, the district courts have wrestled with the idea that forfeiting gain time would amount to countermanding the will of the sentencing court. It seems that the fear is that perhaps the trial court had changed its mind about the previously imposed sentence and decided to reduce the sentence for some reason or another, without realizing that gain time would be forfeited.
It seems to us that neither the district courts nor this Court should attempt to "go beneath" the sentencing court's order and the gain time statutes in effect at the time of the inmate's offense. The courts should assume that the trial court knew and understood the statutes affecting the inmate's final release date and apply the statutes as they are, without trying to determine whether the final effect was what the trial court had in mind.
Furthermore, it was the Legislature that provided for the award of gain time in the first place and it made the retention of that gain time conditional upon the satisfactory completion of the inmate's supervision. See § 944.28(1), Fla. Stat. (1989-1999). Therefore, when an inmate fails to satisfactorily complete his or her supervision and it is revoked, the Department, as part of the executive branch, merely executes or fulfills the legislative mandate that the previously awarded gain time be forfeited; thus the inmate must serve out his or her prior incarceration as a penalty for the revocation of supervision. See § 944.28(1), Fla. Stat. (1989-1999).
Therefore, we conclude that upon resentencing in either a probationary split sentence or a true split sentence, regardless of whether the trial court resentenced the inmate to a lesser sentence, the Department's statutory authority to forfeit "all gain time" upon probation revocation should not be lessened. See § 944.28(1), Fla. Stat. (1989-1999). In other words, the actual length of the new sentence imposed after probation revocation is irrelevant to any forfeiture penalty exacted from the gain time awarded during the prior incarceration.
Thus, even though we stated in Franklin v. State, 545 So.2d 851 (Fla.1989), that when a court resentences an inmate after violating the probationary portion of a true split sentence, "the total period of incarceration, including time served, may not exceed the one-cell upward increase permitted by [the rules]," see 545 So.2d at 852, since our opinion in Dowdy, "time served" does not include gain time, except in limited situations. Therefore, Franklin is not applicable to this case, and Eldridge is not entitled to credit for the gain time previously awarded because it was not time served. The Department originally awarded Eldridge 2573 days of gain time and it has now properly forfeited 2573 days of gain time. Accordingly, we deny Eldridge's petition for writ of habeas corpus.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] A true split sentence is a prison term of a number of years with part of that prison term suspended, contingent upon completion on probation of the suspended term of years. When a defendant violates a true split sentence, the most severe sentence the trial court may impose on resentencing is to "unsuspend" the previously suspended prison term. That is, that the defendant is reincarcerated and must actually serve the previously suspended term of years in prison. See also Poore v. State, 531 So.2d 161 (Fla.1988)(discussing various sentencing options including the true split sentence). After Poore was issued, the legislature provided for a number of additional types of split sentences, including the probationary split sentence. In this type of sentence, if the defendant violates probation, the trial court may impose any sentence it might have originally imposed. See § 948.06(1), Fla. Stat. (1999).
[2] Control Release was added effective September 1, 1990. See ch. 89-526, § 6, at 2662; § 52, at 2690, Laws of Fla.
[3] Similar statutory authority is provided for in section 948.06(7), Florida Statutes (1999).