823 So.2d 287 (2002)
William Todd LARIMORE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-2360.
District Court of Appeal of Florida, First District.
August 12, 2002.
Appellant, pro se.
Robert A. Butterworth, Attorney General, and Elizabeth Fletcher Duffy, Assistant Attorney General, Tallahassee for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
Appellee's Motion for Rehearing is granted. This court's opinion dated March 12, 2002 is withdrawn and the opinion below is substituted therefor.
The appellant challenges the summary denial of his rule 3.800 motion in which he sought credit for time served on a split sentence. Because the appellant was entitled to credit for time served on the incarcerative portion of his sentence upon resentencing for the violation of the probationary portion of his sentence, we reverse.
The appellant was originally charged in two cases with one count of sexual battery upon a person less than 12 years of age, and one count of lewd, lascivious or indecent act in each case. Both cases were scored on the same scoresheet. Pursuant to a plea agreement the appellant pled guilty to two charges of lewd, lascivious or indecent acts and received 15 years of incarceration on one case and 5 years of probation on the other case to be served consecutively. After completing his 15-year sentence, the appellant violated his probation and was sentenced to 5 years of incarceration.
Under Tripp v. State, 622 So.2d 941, 942 (Fla.1993), separate crimes and sentences may constitute a split sentence where both crimes were scored on a single scoresheet, and considered in forming a scoresheet sentence. Under these circumstances, the Florida Supreme Court has "[held] that if a trial court imposes a term of probation *288 on one offense consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense." Id. Although crediting the appellant with time served may have the effect of erasing the subsequent sentence for the probation violation because the subsequent sentence is less than the original incarcerative period, this result is mandated by Tripp.
Since the appellant received a split sentence for two cases which were scored on a single scoresheet, he should have received credit for time served after resentencing for his violation of probation.
Reversed and Remanded for resentencing.
BOOTH, BROWNING and POLSTON, JJ., concur.