MINER, J.
Thomas B. Gibson seeks certiorari review of an order of the circuit court denying his petition for writ of mandamus. In that petition, Gibson argued that the Department of Corrections (“DOC”) lacked authority to forfeit certain previously accrued gain-time awarded him by the sentencing court, and he sought an order compelling DOC to recalculate his sentence in order to award him proper credit. The circuit court correctly found that Gibson was not entitled to relief, and we therefore deny the petition for writ of certiorari.
In 1994, Gibson was simultaneously sentenced in three cases, based on a single sentencing guidelines scoresheet, to consecutive terms of imprisonment in two cases, followed by a probationary term in the third. Through the accrual of time served and gain-time, he was released from DOC custody in 1998 to begin service of the probationary term, but he violated the terms of his supervision and was re-sentenced in the third case to an overall term of seven years’ incarceration. Gibson filed a motion to correct that sentence, arguing that under Tripp v. State, 622 *423 So.2d 941 (Fla.1993), he was entitled to have credit for time served on the sentences imposed in the first two cases applied to the sentence imposed upon revocation of probation in the third case. The sentencing court agreed and entered an order awarding credit for time served and unforfeited gain-time accrued on the initial prison sentences.
Consistent with the sentencing court’s order, DOC applied the credit for time served and unforfeited gain-time, but relying on its independent authority under section 944.28(1), Florida Statutes, it then exacted a forfeiture of the accrued gain-time and restructured Gibson’s sentence accordingly.[1] Specifically, relying on methodology approved in Eldridge v. Moore, 760 So.2d 888 (Fla.2000), DOC imposed a forfeiture penalty, the practical effect of which was to require Gibson to serve out that portion of his prior incarceration which was not served due to the award of gain-time. While the mathematical computations involved in implementing the forfeiture penalty are complex, we conclude that DOC has acted within its lawful authority.
As a preliminary matter, Gibson’s contention that DOC lacked authority to forfeit his previously accrued gain-time because that gain-time had been specifically awarded by the sentencing court is clearly meritless. See Forbes v. Singletary, 684 So.2d 173 (Fla.1996). Thus, the crux of the issue is whether DOC correctly concluded that Eldridge controls the manner in which the forfeiture of gain-time is to be implemented. By its terms, El-dridge applies in cases involving either a probationary split sentence or a true split sentence. See Eldridge, 760 So.2d at 892. Gibson’s original sentence was obviously not a true split sentence. However, we conclude that in light of Tripp, his original sentence of incarceration as to two cases followed by a term of probation in the third constitutes a probationary split sentence within the meaning of Eldridge.[2]
In Tripp, the supreme court rejected the contention that convictions for two separate crimes result in two separate sentences when sentencing takes place simultaneously and is based on a single score-sheet encompassing both cases. See also Cook v. State, 645 So.2d 436 (Fla.1994); Horner v. State, 617 So.2d 311 (Fla.1993). The court in Tripp went on to hold that in such circumstances, where a term of incarceration on one offense is followed by a term of probation on another, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second.
In Larimore v. State, 823 So.2d 287, (Fla. 1st DCA 2002), this court interpreted Tripp to mean that separate crimes and sentences may constitute a split sentence where both crimes were scored on a single scoresheet. We agree with this assessment of the impact of Tripp, and consistent with this interpretation, we hold that Gibson’s original sentence in this case, which was derived from a single score-sheet, was a probationary split sentence. Accordingly, we conclude that Eldridge is applicable to this case, and that DOC’s imposition of a forfeiture penalty as a consequence of Gibson’s violation of probation was proper.
*424 The sentencing scheme utilized in this case is not at all uncommon, and we thus surmise that our decision will affect a relatively large number of inmates in the state correctional system. Accordingly, we hereby certify the following question as -a matter of great public importance:
DOES THE FORFEITURE PENALTY ENUNCIATED IN ELDRIDGE v. MOORE, 760 So.2d 888 (Fla.2000), APPLY WHERE A DEFENDANT RECEIVES A SENTENCE OF INCARCERATION FOR ONE OFFENSE FOLLOWED BY A SENTENCE OF PROBATION FOR ANOTHER OFFENSE, WHERE BOTH CRIMES WERE SCORED ON A SINGLE SCORESHEET AND THE TRIAL COURT AWARDS PRISON CREDIT PURSUANT TO TRIPP v. STATE, 622 So.2d 941 (Fla.1993), UPON VIOLATION OF PROBATION FOR THE SECOND OFFENSE?
PETITION FOR WRIT OF CERTIO-RARI DENIED.
LEWIS, J., concurs with opinion;
BENTON, J., dissents with opinion.

. All of Gibson's offenses occurred after October 1, 1989, and the applicability of section 944.28(1) is thus not in question. Compare Tranguille v. State, 828 So.2d 1034 (Fla. 1st DCA 2002).

. A probationary split sentence is defined as a sentence consisting of “a period of confinement, none of which is suspended, followed by a period of probation." See Poore v. State, 531 So.2d 161, 164 (Fla.1988).