LEWIS, J.,
specially concurring.
I concur completely in the opinion of Judge Miner. I write solely to clarify that, where multiple offenses are scored on a single scoresheet, a defendant receives only one sentence for those multiple offenses.
Based on a single scoresheet, Gibson was sentenced to two consecutive prison terms in two cases to be followed by a probationary term in the third case. Through the accrual of gain time, Gibson was released early to begin his probation. However, he violated that probation and was subsequently sentenced to a term of imprisonment. The trial court entered an order awarding credit for time served as well as unforfeited gain time from Gibson’s previous sentence. The Department of Corrections applied the credit-but forfeited Gibson’s previously accrued gain time based on the supreme court’s decision in Eldridge v. Moore, 760 So.2d 888 (Fla.2000).
In Eldridge, the Florida Supreme Court held that the Department has the authority to forfeit gain time upon revocation of probation. Id. at 890-91. The court concluded “that upon resentencing in either a probationary split sentence or a true split sentence, regardless of whether the trial court resentenced the inmate to a lesser sentence, the Department’s statutory authority to forfeit ‘all gain time’ upon probation revocation should not be lessened.” Id. at 892.
The dissent contends that the initial sentence does not constitute a probationary split sentence because Gibson received separate sentences for each offense. This misconstrues Tripp v. State, 622 So.2d 941 (Fla.1993), and conflicts with this Court’s recent decision in Larimore v. State, 823 So.2d 287, (Fla. 1st DCA 2002). In Lanmore, this Court construed Tripp v. State, 622 So.2d 941 (Fla.1993), to mean that separate offenses and sentences constitute a split sentence if the offenses are scored on a single scoresheet and considered in forming a scoresheet sentence. Larimore v. State, 823 So.2d 287. Indeed, the Florida Supreme Court has stated that “offenses treated together at sentencing via a single scoresheet continue to be treated as a single unit for purposes of sentencing upon a violation of probation.” Hodgdon v. State, 789 So.2d 958, 963 n. 5 (Fla.2001); see also Homer v. State, 617 So.2d 311, 313 (Fla.1993) (citing Tnpp as “rejecting contention that conviction of two separate crimes results in two separate sentences when sentencing takes place together”). Therefore, even though he was convicted *425 of multiple offenses, Gibson received only one sentence because the offenses were scored on a single scoresheet and considered together in forming his scoresheet sentence.
As Gibson received only one sentence for his three cases, his initial sentence constituted a probationary split sentence. Thus, pursuant to Eldridge, the Department had the authority to forfeit any accrued gain time upon revocation of probation.