910 So.2d 847 (2004)
William Todd LARIMORE, Petitioner,
v.
FLORIDA DEPARTMENT OF CORRECTIONS, Respondent.
No. 1D03-2739.
District Court of Appeal of Florida, First District.
December 10, 2004.
William Todd Larimore, petitioner, pro se.
Louis A. Vargas, General Counsel, and Carolyn J. Mosley, Assistant General Counsel, Department of Corrections, Tallahassee, for respondent.
PER CURIAM.
William Larimore petitions for certiorari review of the circuit court's order denying his petition for writ of habeas corpus. In that petition, Larimore argued that the Department of Corrections ("DOC") acted without statutory authority when it forfeited previously awarded gain-time following revocation of the probationary portion of his original split sentence, and that absent that unauthorized forfeiture he was entitled to immediate release. Finding that the circuit court departed from the essential requirements of law by failing to apply a controlling decision of this court, we grant the petition, remand to the trial court for proceedings consistent with this *848 opinion, and certify a question of great public importance.
Larimore pled in two separate cases to two offenses of lewd, lascivious or indecent acts on a child under the age of 16 years. Each of these offenses are second degree felonies punishable by up to 15 years in prison. The first offense was committed in 1987, and the second offense was committed in 1990. There was a different victim in each case. The trial court, pursuant to a plea agreement and using a single sentencing guidelines scoresheet, initially sentenced Larimore to a 15-year term of incarceration for the 1987 offense, followed by a five-year term of probation for the 1990 offense.
Through accumulation of actual time served (2,645 days, or just under 7.25 years) and gain-time (2,830 days, or just over 7.75 years), Larimore was released from prison to begin serving the probationary portion of his sentence. He violated the terms of his probation and, consequently, his probation was revoked. In accordance with Tripp v. State, 622 So.2d 941 (Fla.1993), Larimore thereafter succeeded in securing an award of credit for time served on the initial term of incarceration imposed for the 1987 offense against the five year sentence imposed upon revocation of probation with respect to the 1990 offense. See Larimore v. State, 823 So.2d 287 (Fla. 1st DCA 2002). Once that credit was applied, however, DOC forfeited[1] all gain-time earned by Larimore during the incarcerative portion of his initial sentence, relying on section 944.28(1), Florida Statutes, and Eldridge v. Moore, 760 So.2d 888 (Fla.2000).
We conclude that since one of Larimore's crimes occurred prior to the effective date of the 1989 amendment to section 944.28 authorizing the forfeiture of gain-time upon revocation of probation, our decision in Tranquille v. State, 828 So.2d 1034 (Fla. 1st DCA 2002), rev. denied, 845 So.2d 889 (Fla.2003), bars DOC from applying that amendment in calculating Larimore's Tripp credit. However, because this results in Larimore necessarily receiving 15 years of credit towards his five-year sentence, which effectively precludes the trial court from imposing any sanction upon a violation of probation,[2] we certify the following question as one of great public importance:
WHERE A DEFENDANT SERVING A PROBATIONARY SPLIT SENTENCE AS DEFINED IN TRIPP, IS INCARCERATED FOR A CRIME COMMITTED PRIOR TO OCTOBER 1, 1989, AND PLACED ON PROBATION FOR A CRIME COMMITTED AFTER OCTOBER 1, 1989, IS THE DEFENDANT EXEMPT FROM THE FORFEITURE PROVISIONS OF SECTION 944.28(1), FLORIDA STATUTES (1989), IN CALCULATING THE TRIPP CREDIT UPON THE REVOCATION OF PROBATION?
On the basis of the foregoing, we quash the circuit court's order and remand with directions to order Larimore's immediate release from custody.
PETITION GRANTED, ORDER QUASHED, and REMANDED WITH DIRECTIONS.
*849 ALLEN, PADOVANO, JJ., concur; HAWKES, J., concurs in part and dissents in part with opinion.
HAWKES, J., concurring and dissenting.
I concur with the majority's decision to certify the question of great public importance. However, my review of the plain language of section 944.28(1), Florida Statutes (1989), in conjunction with the Florida Supreme Court decisions in Gibson v. Dep't of Corr., 885 So.2d 376 (Fla. 2004), Eldridge v. Moore, 760 So.2d 888 (Fla.2000) and Cook v. State, 645 So.2d 436 (Fla.1994), leads me to conclude the forfeiture provisions apply when calculating Larimore's Tripp[3] credit. For this reason, I dissent.

Forfeiture of gain-time prior to October 1, 1989
Prior to October 1, 1989, gain-time was considered the functional equivalent of time spent in prison. See State v. Green, 547 So.2d 925 (Fla.1989). Gain-time earned during the incarcerative portion of a split sentence was credited against the sentence imposed upon revocation of probation. See id.
However, effective October 1, 1989, the Legislature amended section 944.28, Florida Statutes, to permit forfeiture of gain-time earned on the incarcerative portion of a split sentence, when determining the amount of credit to apply to the new sentence imposed upon revocation of probation. See § 944.28(1), Fla. Stat. (1989). Thus, defendants subject to the forfeiture provisions, who violate the probationary portion of their split sentence, and whose probation is subsequently revoked receive credit only for time actually served. See Gibson, 885 So.2d at 384. Gain-time is no longer "time served" for all purposes. See Eldridge, 760 So.2d at 892.
The question then becomes, in a probationary split sentence, where offenses occurred both before and after the effective date of section 944.28(1), Florida Statutes, when do the forfeiture provisions apply? I believe the statutory language is clear. The forfeiture provisions apply to any case upon revocation of probation or community control when the underlying offense for which probation or community control was imposed was committed after October 1, 1989.[4]See Eldridge, 760 So.2d at 891.
Consequently, when a defendant is sentenced for violating the probationary portion of a split sentence where the underlying offense for which he was placed on probation was committed after October 1, 1989, he is entitled Tripp credit only for time actually served. See id.; see also Cook, 645 So.2d at 438, n. 6 (noting on probationary split sentence where defendant was incarcerated for offenses committed in 1990, and placed on probation for offenses committed prior to 1989, upon revocation of probation, defendant entitled to credit for the gain-time accrued on the 1990 offenses, because the underlying offense for which he was placed on probation occurred prior to the effective date of section 944.28(1), Florida Statutes (1989)).

Applicability of forfeiture provisions to Larimore
Larimore takes the contrary position. Larimore argues that in his (and by extension, any) multi-case split sentence, if any of the offenses underlying either the incarcerative *850 or probationary portion of a sentence were committed prior to the effective date of section 944.28(1), Florida Statutes (1989), the forfeiture provisions would never apply when calculating Tripp credit upon revocation of probation. This means that Larimore would receive credit for time served for the 7.75 years he did not serve, but for which he was awarded gain-time. Implicit in Larimore's argument is that, if he is not given credit for the 7.75 years on the sentence imposed when he violated probation, he is somehow being re-punished for a crime (the 1987 offense) for which he had completed his sentence.[5]
This "double jeopardy" argument has been rejected by the Florida Supreme Court. See Gibson, 885 So.2d at 385. Gain-time is time not served. Thus, its forfeiture in this context does not result in a defendant re-serving time on a completed sentence. Instead, forfeiture of gain-time used when calculating Tripp credit on a sentence imposed upon revocation of probation merely establishes the amount of prison time an offender must serve on the new sentence imposed for violating probation. See Eldridge, 760 So.2d at 892.
Larimore committed the crime underlying his probation in 1990. Upon the violation of his probation, he is subject to the same statutory sanctions as any other offender who committed a crime in 1990. Those sanctions include the forfeiture provisions of section 944.28(1), Florida Statutes.

Forfeiture of gain time and Tripp

Tripp was never intended to provide a sentencing windfall to defendants upon violations of probation. See Hodgdon v. State, 789 So.2d 958, 963 (Fla.2001). The Florida Supreme Court had two goals in reaching its decision in Tripp: "first, to ensure that offenses originally sentenced as a unit `continue to be treated in relation to each other, even after a portion of the sentence has been violated,' and second, to prevent offenders from receiving a sentence upon revocation of probation that, combined with the sentence originally received, exceeds the maximum guidelines sentence." Gibson, 885 So.2d at 382.
Applying these goals, the Gibson court addressed how forfeiture of gain-time pursuant to section 944.28(1), Florida Statutes (1989), works with the "credit for time served" requirement of Tripp. Using a single score sheet, Gibson was sentenced for multiple offenses to ten years in prison, followed by ten years of probation. None of the cases for which Gibson was incarcerated had a probationary component, and none of the cases for which Gibson received probation had an incarcerative component. Gibson completed his ten-year sentence, through a combination of time actually served and gain-time, and was released to begin probation. Gibson earned 1,969 days (about 5.4 years) of gain-time while serving his ten-year sentence.
Upon violating probation, Gibson was sentenced to seven years (2,555 days) of imprisonment. DOC used the following methodology in determining Gibson's sentence. First, DOC deducted the 1,681 days (about 4.6 years) of Tripp credit Gibson actually served on the first part of his split sentence from his new seven-year violation of probation sentence. This yielded 874 days or 2.4 years to be served on the seven year (2555 day) term. DOC then applied the forfeiture provisions to compare the 1,969 days of gain time earned on the incarcerative portion of his multi-case split sentence. DOC then compared the length of the new sentence after *851 deducting time previously served (2.4 years), to the amount of the forfeiture penalty (5.4 years), and required Gibson to serve the greater of the two. See Gibson, 885 So.2d at 385. Because the forfeiture penalty exceeded the sentence imposed upon revocation of probation after deduction of time served on the prior sentence, Gibson served only the forfeiture penalty. See id. The Gibson court noted "this method views the forfeiture penalty and the new sentence less time served as concurrent sentences, and ensures that the prisoner will serve no less than the forfeiture penalty." See Gibson, 885 So.2d at 378-79. The Gibson court further noted, that, because there was not net increase in the revocation sentence based on the expired sentence, there was no double jeopardy violation.
Larimore was sentenced to a five year term of imprisonment following revocation of his probation. Applying the Gibson methodology, DOC should subtract 7.25 years from that sentence, which would result in no time remaining. DOC should then compare that result to the 7.75 years of forfeited gain-time. Because the 7.75 years of unforfeited gain-time is more than the sentence which remains after applying Tripp credit, the 7.75 year sentence should be applied. However, because the 7.75 year sentence is greater than the five-year sentence imposed by the trial court, Larimore's sentence can be no greater than five years.

Conclusion
Because the crime for which Larimore was placed on probation was committed after section 944.28(1), Florida Statutes (1989), became effective, I believe he is subject to the forfeiture provisions upon re-sentencing following revocation of his probation. Because he had in excess of 7.75 years of unforfeited gain-time, and less than 7.25 years actual time served, any credit toward his five-year sentence is eliminated, and he must serve the five-year sentence imposed by the trial court. To the extent DOC sought to enhance the sentence imposed by the trial court, the denial of Larimore's petition for writ of habeas corpus was a departure from the essential requirements of law. However, the trial court's conclusion that the forfeiture statute is applicable, was proper.
NOTES
[1] The forfeiture was permissive since both offenses occurred prior to 1994 when the legislature mandated the forfeiture of gain-time.
[2] The trial court, under any scenario, could only sentence Larimore up to the statutory maximum of 15 years for the second degree felony that was the underlying offense of the probation. Therefore, no matter what sentence was imposed, Larimore would have sufficient credit to satisfy.
[3] Tripp v. State, 622 So.2d 941 (Fla.1993).
[4] Conversely, if the underlying offense for which a defendant was placed on probation occurred prior to October 1, 1989, gain-time earned on the incarcerative portion of the defendant's sentence would not be forfeited. See Eldridge, 760 So.2d at 891. It is only under these limited circumstances that gain-time cannot be forfeited. Id.
[5] If he was not being re-punished, then there is no logical way to make the date Larimore committed the crime for which he was incarcerated relevant.