904 So.2d 573 (2005)
Robert J. PRESLEY, Petitioner,
v.
FLORIDA PAROLE COMMISSION and Florida Department of Corrections, Respondents.
No. 1D04-4695.
District Court of Appeal of Florida, First District.
June 13, 2005.
*574 Robert J. Presley, petitioner, pro se.
Kim M. Fluharty, General Counsel, and Terri Leon-Benner, Assistant General Counsel, for respondent Florida Parole Commission.
Louis A. Vargas, General Counsel, and Beverly Brewster, Assistant General Counsel, Tallahassee, for respondent Florida Department of Corrections.
PER CURIAM.
Robert J. Presley petitions for certiorari review of an order of the circuit court denying his petition for writ of habeas corpus, in which he challenged the revocation of his parole. Although the circuit court found that there was sufficient evidence to justify the revocation of parole, most notably Presley's admission to violating a condition of his supervision, it failed to address his contention that his admission was involuntary. In this regard, we conclude that Presley's allegation that his admission was induced by the hearing examiner's representation that he would be restored to supervision if he admitted the alleged violation (which is in fact what the hearing examiner recommended), stated a prima facie basis for relief. Accordingly, the circuit court's order denying Presley's petition for writ of habeas corpus is QUASHED and the matter is REMANDED with directions to conduct such further proceedings as are necessary to address and adjudicate this issue.
WEBSTER and DAVIS, JJ., concur; THOMAS, J., concurring with opinion.
THOMAS, J. Concurring.
I agree with the majority opinion that this case must be remanded for an evaluation of Petitioner's claim that the parole examiner advised Petitioner to admit the parole violation. I note, however, that Petitioner apparently waited more than two years before filing this petition for habeas corpus challenging his parole revocation. While the Parole Commission asserted the defense of laches, the order below does not address this issue. This court has noted that delayed challenges to parole revocations are subject to an affirmative defense of laches. See Johnson v. Fla. Parole Comm'n, 841 So.2d 615, 617 (Fla. 1st DCA 2003) (holding that the issue of timeliness of a challenge to the revocation of parole may only be raised by the affirmative defense of laches). To date, the Florida Supreme Court has not adopted a uniform rule establishing a time limitation for filing petitions for habeas corpus challenging a parole revocation. I write to express my view that this case is a good example of the need for such a rule.
Unless the circuit court finds that laches bars consideration of the merits, that court will be required to consider the factual allegations regarding events that occurred in January 2001. When a petitioner files an untimely challenge to a parole revocation, that delay can cause significant difficulties for the circuit court, the Commission, and the petitioner. Habeas corpus petitions challenging parole revocations are generally based on allegations of fact as well as legal grounds. Delay in the evaluation of facts is an impediment to the proper administration of justice.
*575 Time limitations apply to criminal appeals and other related proceedings. Criminal defendants must appeal their convictions within 30 days. Fla. R.App. P. 9.140(3). Petitions for postconviction relief in non-capital cases must be filed within two years, subject to the exceptions provided in Florida Rule of Criminal Procedure 3.850. Habeas corpus petitions asserting ineffective assistance of appellate counsel must be filed within two years, subject to exception. Fla. R.App. P. 9.141(4). In Jordan v. Fla. Parole Comm'n, 403 So.2d 591 (Fla. 1st DCA 1981), this court held that a mandamus petition was untimely filed where a prisoner waited six months to challenge a presumptive parole release date. I believe that petitions for habeas corpus challenging parole revocations should be filed within a reasonable time that protects the rights of the parties to a reliable and fair adjudication of the asserted claims.