991 So.2d 431 (2008)
Johnny F. MORRIS, Petitioner,
v.
FLORIDA PAROLE COMMISSION, Respondent.
No. 1D08-0965.
District Court of Appeal of Florida, First District.
September 26, 2008.
Johnny F. Morris, pro se, Petitioner.
Kim Fluharty, General Counsel, and Chris Papy, Assistant General Counsel, Florida Parole Commission, Tallahassee, for Respondent.
PER CURIAM.
Johnny F. Morris seeks review of an order of the circuit court denying his petition for writ of mandamus, in which he challenged a Parole Commission action declining to authorize his effective parole release date and extending his presumptive parole release date based on a judicial objection to parole pursuant to section 947.1745(6), Florida Statutes.
We find no error in the circuit court's determination that application of the statute did not constitute an ex post facto violation, and that a judicial objection may justify the Parole Commission's discretionary determination to take the action complained of by petitioner. We likewise conclude that the circuit court correctly rejected petitioner's claim that the Commission's contact with the sentencing court constituted a prohibited ex parte communication, as well as his argument that he was entitled to mandamus relief because the Commission failed to provide him timely notice of its action or an adequate opportunity for administrative review.
However, Morris also argued before the circuit court that the correspondence from the sentencing court that was treated by the Parole Commission as a judicial objection to parole release was in fact not an "objection" at all. This claim was not addressed in either the Parole Commission's response below, or in the circuit court's order denying mandamus relief. In such a circumstance, we have concluded that it is appropriate to remand the matter to the circuit court in order to adjudicate the unaddressed issue. See Presley v. Fla. Parole Comm'n, 904 So.2d 573 (Fla. 1st DCA 2005).
Accordingly, the circuit court's order denying the petition for writ of mandamus is QUASHED and the matter is REMANDED with directions to conduct such further proceedings as are necessary to address and adjudicate petitioner's claim that the sentencing court's correspondence did not *432 constitute an "objection to parole release" within the meaning of section 947.1745(6).
WOLF, POLSTON, and ROBERTS, JJ., concur.