PER CURIAM.
 

 Bradley R. Lamb petitions this court for certiorari review of an order of the circuit court denying his petition for writ of mandamus, in which he challenged the outcome of a prison disciplinary proceeding. We grant the petition, quash the circuit court’s order, and remand for further proceedings relating to two issues.
 

 First, Lamb alleged in his petition below that he requested a videotape be produced as evidence at his disciplinary hearing but the videotape was not considered. He argued that despite prison officials’ summary conclusion that the videotape did not support his version of events, the investigator failed to comply with rule 33-601.305(4), Florida Administrative Code, which requires preparation of a report containing “a detailed description of why the tape did not provide evidence to support the inmate’s statement.” Respondent failed to provide the circuit court a copy of that report, and in the absence of that document, the circuit court could not properly address petitioner’s claim.
 

 Secondly, petitioner asserted that the disciplinary action was not reviewed and approved by the institutional warden, as required by rule 33-601.309(2), Florida Administrative Code. Rather than demonstrating otherwise, respondent merely argued that petitioner had failed to exhaust his administrative remedies concerning this claim. The circuit court’s order does not address either the merits of petitioner’s claim or respondent’s assertion that it is procedurally barred, and we conclude that under the circumstances, it is appropriate to remand the matter to the circuit court in order to adjudicate this issue.
 
 See Morris v. Fla. Parole Comm’n,
 
 991 So.2d 431 (Fla. 1st DCA 2008);
 
 Presley v. Fla. Parole Comm’n,
 
 904 So.2d 573 (Fla. 1st DCA 2005).
 

 Accordingly, the petition for writ of certiorari is GRANTED, the order denying Lamb’s petition for writ of mandamus is QUASHED, and the matter is REMANDED to the circuit court for further proceedings consistent herewith.
 

 WEBSTER, DAVIS, and LEWIS, JJ., concur.