PER CURIAM.
Brian LeBoeuf seeks certiorari review of an order denying his petition for writ of mandamus. He argued in that petition, albeit not particularly artfully, that the Department of Corrections acted without statutory authority when it forfeited certain gain-time-and provisional credits following the revocation of his conditional medical release. The circuit court denied relief, finding that the challenged action was authorized by sections 944.28(1), 947.141, and 947.149, Florida Statutes. However, the circuit court’s ruling does not account for the fact that the 2,030-day forfeiture complained of by petitioner consisted of credits applied to a sentence imposed for an offense that predated the adoption of these forfeiture provisions, nor does it explain how these later enacted forfeiture statutes can be lawfully applied to petitioner. See Larimore v. Fla. Dep’t of Corr., 910 So.2d 847 (Fla. 1st DCA 2004), rev. denied, 905 So.2d 125 (Fla.2005).
Because the circuit court’s order does not address this issue, we conclude that it is appropriate to remand the matter for further proceedings. See Lamb v. McNeil, 21 So.3d 44 (Fla. 1st DCA 2009). Accordingly, the petition for writ of certio-rari is GRANTED, the order denying Le-Boeufs petition for writ of mandamus is QUASHED, and the matter is REMANDED to the circuit court for further proceedings consistent herewith.
PADOVANO, ROBERTS, and MARSTILLER, JJ., concur.