558 So.2d 168 (1990)
Eddie James FULLWOOD, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 88-2143.
District Court of Appeal of Florida, Fifth District.
March 15, 1990.
*169 James B. Gibson, Public Defender, and Nancye R. Crouch, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kellie A. Nielan, Asst. Atty. Gen., Daytona Beach, for appellee.
DANIEL, Chief Judge.
Eddie James Fullwood, Jr. appeals his sentence imposed following a violation of probation. We reverse.
Fullwood was charged in a three-count information with armed burglary of a dwelling, grand theft of a firearm, and grand theft, all stemming from the breakin of a home in September 1986. In April 1987, Fullwood pleaded guilty and was sentenced to ten years probation on count I,[1] five years probation on count II, and three years probation with a special condition that he serve 24 months incarceration with the Department of Corrections on count III. The probationary terms were ordered to be served concurrently.
In April 1988, Fullwood was charged with and subsequently pleaded guilty to a violation of probation. His recommended guidelines sentence, including the one-cell increase permitted for violation of probation, was 2 1/2 to 3 1/2 years incarceration.[2] At sentencing, the trial court, on count I, increased Fullwood's probation from ten years to twelve years. On count II, the trial court revoked probation and sentenced Fullwood to either 22 or 24[3] months incarceration with credit for time spent in jail since his arrest on the probation violation warrant. The trial court left intact the three year term of probation initially imposed on count III and ordered that Fullwood serve his incarceration on count II consecutive to his probation on count III.
Fullwood contends that the 24 months incarceration he received on count III when he was originally sentenced plus the sentence of 22 or 24 months incarceration on count II following the violation of probation exceeded his recommended guidelines sentence of 2 1/2 to 3 1/2 years incarceration and that, in the absence of written reasons, this sentence cannot be sustained as a departure sentence. Fullwood also contends that the trial court improperly sentenced him to an "interrupted" sentence, that is, to a sentence of incarceration interrupted by probation.
Before discussing the merits of the appeal, we note the state's contention that the issues are moot because Fullwood has already served the incarcerative portion of his sentences. We previously addressed this issue in Crews v. State, 502 So.2d 1360 (Fla. 5th DCA 1987), in which we held that, although the appeal was essentially moot because the defendant had served the incarcerative portion of the sentence, it should nonetheless be shown on the defendant's record that the sentence was erroneous. We further held in Negron v. State, 519 So.2d 67 (Fla. 5th DCA 1988), that even though the defendant had served the incarcerative portion of his sentence, the trial judge had erred in denying his petition to withdraw his plea and remanded the matter to the trial court for the purpose of giving the defendant an opportunity to withdraw his plea and proceed to trial.
We turn now to the merits of the appeal. The trial court imposed a sentence of 22 or 24 months incarceration on count II to be served consecutively to the sentence on count III, which was 3 years probation with the special condition that the defendant serve 24 months with the Department of Corrections. Fullwood's sentence was, therefore, 24 months incarceration, followed by one year probation, followed by 22 or 24 months incarceration. This court has previously held that the imposition of sentences of confinement interrupted by probation is improper. Turner *170 v. State, 551 So.2d 1247 (Fla. 5th DCA 1989); State v. Arnold, 550 So.2d 154 (Fla. 5th DCA 1989); Sanchez v. State, 538 So.2d 923 (Fla. 5th DCA 1989). Accord: Calhoun v. State, 522 So.2d 509 (Fla. 1st DCA 1988).
Additionally, Fullwood's sentence exceeds the recommended guidelines range.[4] Here, Fullwood was originally placed on straight probation for counts I and II and probation with a period of confinement imposed as a special condition on count III. When Fullwood violated his probation, the trial court was permitted to impose any sentence it might have originally imposed, with credit for time served and subject to the guidelines recommendation. Poore v. State, 531 So.2d 161 (Fla. 1988).
Following the violation of probation, Fullwood's recommended guidelines sentence was 2 1/2 to 3 1/2 years incarceration. Even though Fullwood's acts constituted a violation of probation as to all three counts, the trial judge revoked probation only as to count II, modified the probation as to count I and left count III alone. However, under count III, Fullwood had been required to serve 24 months incarceration as a condition of probation. The incarcerative portion of count II of 22 or 24 months plus the 24 month term of confinement as a condition of probation in count III clearly exceeds the recommended guidelines sentence of 3 1/2 years incarceration.
Since the guidelines require a sentence as to each offense and also require that the total sentence not exceed the guidelines range,[5] count III should have been considered in determining Fullwood's total sentence even though probation as to count III was not revoked. In other words, the offenses from one scoresheet must be treated in relation to each other. See Kirtsey v. State, 553 So.2d 395 (Fla. 5th DCA 1989) (in reversing a conviction for kidnapping, this court should not have affirmed the sentences for other offenses since the removal of the kidnapping may have resulted in a lower guidelines recommended sentence). Since the incarcerative portions of counts II and III exceed the maximum of the recommended range and no written reasons for departure were given, the sentence in count II is reversed and the cause remanded for resentencing.
REVERSED and REMANDED.
W. SHARP and COWART, JJ., concur.
NOTES
[1] The defendant apparently pleaded guilty to the lesser included offense of burglary of a dwelling.
[2] See The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984).
[3] The transcript of the sentencing hearing reflects that the defendant was sentenced to 24 months incarceration. The court order reflects that the defendant was sentenced to 22 months.
[4] The sentence cannot be upheld as a departure since no written reasons for departure were given.
[5] Florida Rule of Criminal Procedure 3.701(d)(12) provides as follows:

Sentencing for separate offenses: A sentence must be imposed for each offense. However, the total sentence cannot exceed the total guidelines sentence unless a written reason is given.
The Committee Note to rule 3.701(d)(12) provides as follows:
The sentencing court shall impose or suspend sentence for each separate count, as convicted. The total sentence shall not exceed the guidelines sentence, unless the provisions of paragraph 11 (pertaining to written reasons for departure) are complied with.
If a split sentence is imposed (i.e., a combination of state prison and probation supervision), the incarcerative portion imposed shall not be less than the minimum of the guideline range, nor exceed the maximum of the range. The total sanction (incarceration and probation) shall not exceed the term provided by general law.