581 So.2d 970 (1991)
Clarence H. DANIELS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 90-1401.
District Court of Appeal of Florida, Fifth District.
June 20, 1991.
James B. Gibson, Public Defender, and Lyle Hitchens, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for appellee.
*971 COWART, Judge.
In 1987 the defendant was before the trial court for sentencing on three offenses all scored on one guidelines scoresheet. The recommended guidelines sentence was five years. The trial court imposed a five year prison sentence on one offense and, as to the other two offenses, placed the defendant on probation with conditions requiring restitution. With credits the defendant served the five year sentence. Thereafter, he was accused of, and pled guilty to, a violation of probation. Defense counsel pointed out that the five year prison sentence exhausted the recommended guidelines sentence and further confinement for the violation of probation was prohibited because such confinement would exceed the original guidelines sentence, citing Fullwood v. State, 558 So.2d 168 (Fla. 5th DCA 1990). Upon questioning by the trial court the State agreed with trial counsel that under Fullwood, no further incarceration could be imposed on the defendant in this case as a result of the violation of probation.[1] Accordingly the trial court terminated probation.
The trial court reflected on the fact that before guidelines sentencing, a trial court could impose a prison sentence on one offense and place a defendant on probation in lieu of sentencing on a second offense and when the defendant served the prison sentence on the first offense but violated probation as to the second offense, the trial court could then "impose any sentence which it might have originally imposed before placing the probationer on probation" (Section 948.06(1), Florida Statutes) and the prison sentence on the first offense in no way restricted the sentence on the second offense as to which the defendant had been placed on, and violated, probation. However, as the Fullwood case demonstrates, the sentencing guidelines tie together and limit the total sentencing sanctions relating to all offenses pending before the court for sentencing.[2] The fact that the judge imposing the original sentence in this case exhausted the maximum guidelines prison sanction by imposing it on the first offense and reserved none of it for use as further punishment in the event the defendant violated probation as to the other charges, was frustrating to the trial judge in this case who then decided that although the probation was being terminated he would merely order the defendant to make restitution under the threat of being held in contempt of court for failure to comply with that order and confinement of up to 180 days or six months in jail as to each of the two offenses as to which probation was terminated.
The defendant appeals. We reverse.
Victims of crime have the usual right to recover civil judgments for damages against criminals. Sentencing judges have long used their discretion in imposing criminal sanctions to give victims of crime an additional benefit by conditioning criminal sanctions upon payment of restitution. To the extent the sentencing discretion has been limited and curtailed by sentencing guidelines the trial judge's ability to use criminal sanctions to compel restitution has been likewise restricted. There were many ways that the original trial judge could have used the five year prison sanction available under the guidelines to lawfully coerce the payment of the restitution order in this case. However, only so much can be done with limited sentencing authority and if the total prison sanction permitted by the guidelines as to multiple offenses is required to be served without condition as to one of those offenses, it is obvious that none of the permitted total prison sanctions will be left to impose in the event the defendant violates conditions attached to probation imposed as to the other offense.
*972 The legislature has also legislated on the subject of restitution in criminal cases. Section 775.089(3)(a), Florida Statutes, in effect provides that the court may require the defendant to make restitution within a specified period, the end of which shall not be later than the end of probation if probation is ordered.[3] Probation was ordered in this case, this statutory provision applies, and the trial court's order for restitution beyond the period of probation exceeds the limitation in the statute. Furthermore, any incarceration imposed by the trial court in any contempt proceeding in this case would exceed the recommended guidelines sentence in the same manner and the same degree as would any further incarceration for violation of probation.
Restitution in criminal cases can be required only in lieu of imposition of criminal sanctions otherwise authorized by law for the offense involved and such sanctions are subject to all limitations contained in the sentencing guidelines, in statutory maximum penalties for crime and in statutory provisions relating to restitution.
The trial court did not have authority or jurisdiction, in this criminal case, to enter an order requiring the defendant to make restitution after service of all prison time permitted by law and imposed and after termination of all probation and that order is
REVERSED.
COBB, J., concurs.
DAUKSCH, J., concurs in conclusion only.
NOTES
[1] The bump-up provision for violation of probation contained in Florida Rule of Criminal Procedure 3.701 d.14. was mentioned by defense counsel but its possible applicability and effect was apparently not considered. Also a new guidelines scoresheet was prepared as to the two offenses involved in the violation of probation hearing. The original guidelines scoresheet should have been used with a one cell bump-up for the violation of probation.
[2] Rule 3.701 d.1.; Foster v. State, 576 So.2d 937 (Fla. 5th DCA 1991).
[3] See also section 948.032, Florida Statutes, which provides that if a defendant is placed on probation, any restitution ordered under section 775.089 shall be a condition of such probation and probation may be revoked if the defendant fails to comply with such order.