PETERSON, Judge.
Archie L. Thomas complains that he was not given credit for time served in lower court case number 90-6559 when he was subsequently sentenced in lower court case number 90-6558, after violating the terms of his probation in the latter case. We agree that credit should have been given and remand.
Thomas was sentenced to four years incarceration in case number 90-6559 and five years probation in case number 90-6558 which was to run consecutive to case number 90-6559. Although he received the sentence of four years incarceration on January 2, 1992 with 208 days credit, he had been released by September 7, 1992 when he was arrested for driving with a suspended license and resisting arrest without violence. These arrests along with other probation violations resulted in resentencing in case number 90-6558 for which Thomas received five years *1296 incarceration less 79 days time served. The term of incarceration was suspended, but Thomas was placed on two years community control followed by three years probation.
Thomas’ lawyer timely objected to the trial court’s failure to credit his client’s new sentence with the four years served in case number 90-6559, citing Fullwood v. State, 558 So.2d 168 (Fla. 5th DCA 1990). In Full-wood, the sentence imposed after violation of probation was reversed because it exceeded the permissive guidelines using the original scoresheet even with the bump-up for violation of probation. Since Fullwood, the supreme court has issued its opinion in Tripp v. State, 622 So.2d 941 (Fla.), reh. denied, No. 79,176 (Fla. June 10, 1993). In Tripp, the defendant originally received a guidelines sentence of four years incarceration for burglary followed by a consecutive sentence of four years probation for grand theft. After serving the incarcerative portion of his sentence, Tripp was released on probation but violated its terms. The trial court then revoked probation and sentenced Tripp to four and one,-half years incarceration for the grand theft charge but allowed four years credit for time served on the burglary charge. The district court of appeal reversed the award of credit for time served, holding that the original sentence was for two separate convictions and Tripp was not entitled to time served on the burglary charge. The district court did express its concern that the decision may conflict with the spirit of the sentencing guidelines and the Supreme Court confirmed the concern. The Supreme Court explained that unless Tripp was given credit for time served on the burglary sentence against the sentence imposed after the violation of the probation on the grand theft conviction, his total sentence for both crimes would be eight and one-half years. That sentence would have been three years beyond the permitted range of a one-cell bump. It specifically held that:
[I]f a trial court imposes a term of probation on one offense consecutive to a sentence of incarceration on another offense, credit for time" served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense.[1]
622 So.2d at 942.
Thomas scored 56 on his category 5 scoresheet[1] for the crimes committed on October 3, 1990, and after the effective date of chapter 89-531. This score permits a sentence in the third cell of one to four and one-half years incarceration with the bump-up. The imposition of five years incarceration is a departure sentence that was not discussed at the sentencing hearing and only a brief note appears on the bottom of the scoresheet that indicates the reason to be “unscored offenses,” an insufficient reason for a departure. See Wilson v. State, 592 So.2d 1233 (Fla. 5th DCA 1992). He is entitled to the time served on the burglary conviction pursuant to Tripp and the 79 days he served prior to the sentence for grand theft. The credit for the four years served on the burglary conviction is subject to forfeiture pursuant to Chapter 89-531 (§ 944.28, Fla.Stat.) for that portion attributable to gain time.
We remand to the trial court for modification of the sentence, but affirm the judgment of conviction.
JUDGMENT OF CONVICTION AFFIRMED; REMANDED FOR MODIFICATION OF SENTENCE.
W. SHARP and GRIFFIN, JJ., concur.

. The original scoresheet was correctly used throughout all sentencing proceedings. Hollo-man v. State, 600 So.2d 522 (Fla. 5th DCA 1992).

 We note that prior to the enactment of Chapter 89-531, Laws of Florida, "credit for time served” included jail time actually served and gain time granted pursuant to section 944.275, Florida Statutes (1991). State v. Green, 547 So.2d 925, 927 (Fla.1989). It does not include "provisional credits" or "administrative gain time” which is used to alleviate prison overcrowding and is not related to satisfactory behavior while in prison. See § 944.277, Fla.Stat. (1991). By virtue of chapter 89-531, the revocation of probation or community control now serves to forfeit any gain time previously earned. This change is inapplicable to Tripp because his crimes were committed before October 1, 1989, the effective date of the act.