PER CURIAM.
The defendant raises several points on appeal, but we need only address the question of the juvenile court’s jurisdiction over the defendant beyond his nineteenth birthday, and reverse on that issue.
The defendant was charged with criminal mischief that occurred on April 4, 1991, and was ultimately placed on community control with restitution as a condition. On August 10, 1994, the trial judge held that the defendant violated community control for failure to meet the restitution obligations. The trial judge then ordered the defendant to pay $100.00 per week, and the court retained jurisdiction over the case to enforce restitution beyond the defendant’s nineteenth birthday (September 30,1994).
The defendant asserts that the trial court is without jurisdiction to enforce restitution after September 30,1994. We agree.
Jurisdiction over a defendant as a juvenile ceases when the person attains the age of nineteen. In the Interest of B.P., 538 So.2d 73 (Fla. 4th DCA 1989). An exception is section 39.022(4)(c), Florida Statutes (1993), which permits extended retention of jurisdiction to enforce restitution orders. That section, however, applies only to offenses committed October 1,1993, and thereafter. Since the offense here was committed in 1991, there was no basis for the trial court to retain jurisdiction after the defendant’s nineteenth birthday.
This holding, of course, does not prevent the victims from seeking to enforce restitution in the same manner as a judgment in a civil action, as provided in section 775.089(5), Florida Statutes (Supp.1992).
REVERSED.
DELL, STONE, JJ., and KAHN, MARTIN D., Associate Judge, concur.