PER CURIAM.
Defendant Carlos Juan Montes appeals from a criminal order of restitution imposed by the trial court. We reverse.
On January 8, 1996, the defendant entered a nolo contendere plea to criminal mischief over $1,000. The trial court placed him on two years probation, with special conditions that included, in pertinent part, restitution in an amount to be determined at a later date. The defendant’s probationary period expired without any findings of non-compliance with the probation conditions. Although several hearings had been scheduled and continued regarding restitution during the probationary period, no action was taken by the trial court until January 9, 1998, one day after the defendant’s probation had expired.
The defendant maintains that the trial court did not have jurisdiction to enter an order imposing restitution after his probation had expired. We agree. Section 775.089, Florida Statutes (1995), provides:
*882 (3)(a) The court may require that the defendant make restitution under this section within a specified period or in specified installments.
(b) The end of such period or the last such installment shall not be later than:
1. The end of the period of probation if probation is ordered;
(emphasis added). Accordingly, the trial court did not have the authority to enter a restitution order after the defendant’s probation had ended. See Finch v. State, 696 So.2d 1304 (Fla. 1st DCA 1997). “[W]hen a probationary period expires, the court is divested of jurisdiction over the probationer unless, prior to that time, the appropriate steps were taken to revoke or modify the probation.” Harris v. State, 23 Fla. L. Weekly D2486, 720 So.2d 1145 (Fla. 3d DCA 1998)(quoting Francois v. State, 695 So.2d 695, 697 (Fla.1997)); see also Daniels v. State, 581 So.2d 970, 972 (Fla. 5th DCA 1991).
We reverse and remand with directions that the order of restitution be vacated.