PALMER, C.J.
Kelley Robert McClintock (“McClin-tock”) appeals the order entered by the trial court directing him to pay restitution. Determining that the trial court lacked jurisdiction to enter the restitution order, we vacate the order.
McClintock entered a plea of no contest in order to resolve two cases brought against him by the State. The issue of restitution was raised at the time of the plea hearing. The State indicated to the trial court that it would try to obtain a stipulation from McClintock as to the restitution amount. The trial court stated that it would reserve jurisdiction on that issue and later make the restitution amount a lien. The trial court then sentenced McClintock to a term of two years in the Department of Corrections with credit for 445 days served. The court also ordered that restitution be made a lien of record, but did not indicate the restitution amount.
The parties were never able to reach an agreement as to the amount of restitution. After McClintock had completed his sentence of incarceration, a restitution hearing was held. During the hearing, *1148 McClintock contended that the trial court lacked jurisdiction to establish a restitution amount and enter a lien thereon because he had already completed serving his entire sentence. Nonetheless, the trial court entered a restitution order.
On appeal, McClintock claims that the trial court lacked the authority to enter a restitution order against him because, by the time the order was entered, he had already completed serving his sentence and thus he was no longer under the jurisdiction of the circuit court. We agree.
Even though the trial court entered a timely order reserving jurisdiction to decide the restitution amount when it sentenced McClintock, the trial court lost jurisdiction to set the amount of restitution once McClintock completed serving his sentence.[1] The facts of this case are somewhat similar to those presented in J.D. v. State, 849 So.2d 458 (Fla. 4th DCA 2003). In that case, the Fourth District explained:
As a general rule, the jurisdiction of the juvenile court in a delinquency case ceases when the child attains nineteen years of age. § 985.201(4)(a), Fla. Stat. (2001). This principle is slightly expanded for restitution purposes:
The court may retain jurisdiction over a child and the child’s parent or legal guardian whom the court has ordered to pay restitution until the restitution order is satisfied or until the court orders otherwise. If the court retains such jurisdiction after the date upon which the court’s jurisdiction would cease under this section, it shall do so solely for the purpose of enforcing the restitution order. § 985.201(4)(c), Fla. Stat.
Although the November 29 order preceded J.D.’s 19th birthday on December 8, by nine days, all the order did was vacate the earlier order and merely reserved jurisdiction for restitution purposes. The court failed to enter a restitution order before J.D.’s 19th birthday, and therefore no restitution order can be enforced. The trial court’s jurisdiction subsequent to J.D.’s 19th birthday was restricted to enforcing restitution orders already in effect; the court lacked jurisdiction to enter an order setting the amount of restitution, or any order for that matter, after J.D. reached nineteen years of age. See Cesaire v. State, 811 So.2d 816 (Fla. 4th DCA 2002)(court lacked jurisdiction to enter new orders requiring the payment of restitution after juvenile’s 19th birthday where court failed to retain jurisdiction to enforce previously entered restitution order.)
Id. at 460.
Other Florida cases indicate that, once an individual has served his or her complete sentence, the trial court loses jurisdiction to enter any further orders in the matter. See Maybin v. State, 884 So.2d 1174 (Fla. 2d DCA 2004)(holding that once a sentence has been served, even if it is an illegal sentence or an invalid sentence, the trial court loses jurisdiction and violates the Double Jeopardy Clause by reasserting jurisdiction and resentencing the defendant to an increased sentence); Daniels v. State, 581 So.2d 970 (Fla. 5th DCA 1991)(holding that the trial court did not have authority or jurisdiction to enter order requiring defendant to make restitution to victim after service of all prison *1149 time permitted by sentencing guidelines and after termination of all probation).
The State argues that under section 775.089(3) of the Florida Statutes the trial court possessed jurisdiction to enter a restitution order until five years after the end of McClintoek’s term of imprisonment. We disagree.
Section 775.089(3) provides in relevant part:
775.089. Restitution
(3)(a) The court may require that the defendant make restitution under this section within a specified period or in specified installments.
(b) The end of such period or the last such installment shall not be later than:
1. The end of the period of probation if probation is ordered;
2. Five years after the end of the term of imprisonment imposed if the court does not order probation; or
3. Five years after the date of sentencing in any other case.
(c) Notwithstanding this subsection, a court that has ordered restitution for a misdemeanor offense shall retain jurisdiction for the purpose of enforcing the restitution order for any period, not to exceed 5 years, that is pronounced by the court at the time restitution is ordered.
(d) If not otherwise provided by the court under this subsection, restitution must be made immediately.
If the restitution ordered by the court is not made within the time period specified, the court may continue the restitution order through the duration of the civil judgment provision set forth in subsection (5) and as provided in s. 55.10.
§ 775.089(3), Fla. Stat. (2002).
The statute, as written, pertains to a period of time during which the trial court is authorized to enforce the payment of a restitution order, not to a period of time for entry of an original order of restitution.
ORDER VACATED.
GRIFFIN and LAWSON, JJ., concur.

. Such would not have been the case if the restitution hearing had taken place within 60 days of his sentencing. See Kittelson v. State, 980 So.2d 533 (Fla. 5th DCA 2008); L'Heu-reux v. State, 968 So.2d 628, 629-30 (Fla. 2d DCA 2007); Ridley v. State, 890 So.2d 1261(Fla. 5th DCA 2005). See also State v. Sanderson, 625 So.2d 471 (Fla.1993).