PER CURIAM.
Jared Anton appeals income deduction orders and civil restitution liens. He argues the trial court lacked jurisdiction to enter them because his probation had ended and because the orders and liens violate the prohibition against ex post facto laws. We agree and reverse.
As a condition of probation for grand theft offenses committed in 1991 and 1992, the trial court ordered Anton to pay restitution of $259,208.25 to four different victims at a rate of $650.00 per month. Anton met this obligation throughout the period of probation. On the last day of Anton’s probation, the State filed an affidavit of violation and warrant, alleging Anton had failed to pay the entire balance of ordered restitution.
At a subsequent hearing, the State admitted that it could not prove a willful violation, but requested the trial court to convert the outstanding restitution balance to civil liens and enter income deduction orders. Anton objected and argued the trial court lacked jurisdiction to do so because the term of probation had expired. Anton also argued that the statutory provision for imposing civil restitution liens had been enacted after the date these offenses had been committed and did not allow for retroactive application. The State responded that the trial court had the authority to enter civil liens and income deduction orders under section 775.089, Florida Statutes (2003).
The trial court dismissed the warrant, but entered the orders and liens nunc pro tunc to the final day of probation.
*877 On appeal, Anton continues to argue the trial court lacked jurisdiction to enter the liens and orders after his probation period expired. He further claims that any civil liens or income deduction orders naturally expired with the end of his probation period.
The State acknowledges that once a probationary term has expired, a trial court lacks jurisdiction to enter an order of restitution. Montes v. State, 723 So.2d 881, 881 (Fla. 3d DCA 1998). However, the State argues that the jurisdictional problem is restricted to those instances when a court attempts to order restitution after the probationary term. The State suggests the jurisdictional problem does not exist here when a court merely attempts to enforce an otherwise valid restitution order entered prior to the expiration of the probationary term. § 775.089(5), Fla. Stat. (2003).
We have de novo review as the issue involves a question of law. See Beta Drywall Acquisition, LLC v. Mintz & Fraade, P.C., 9 So.3d 651, 652 (Fla. 4th DCA 2009). We agree with Anton that the trial court lacked jurisdiction to enter the civil liens and income deduction orders.
Two statutory provisions must be applied for proper resolution of this case: section 775.089(3), which governs the time for payment of a restitution order, and section 775.089(5), which governs civil enforcement of a restitution order.
Prior to October 1, 1993, section 775.089(3) required immediate payment unless the court ordered otherwise. It also limited the period in which to pay restitution to no later than the end of probation, five years after a term of imprisonment, or five years after sentencing. Effective October 1, 1993, the legislature added a new sentence to the end of subsection (3): “If the restitution ordered by the court is not made within the time period specified, the court may continue the restitution order through the duration of the civil judgment provision set forth in subsection (5) and as provided in s. 55.10.”
Prior to October 1, 1993, section 775.089(5) provided: “An order of restitution may be enforced by the state, or a victim named in the order to receive the restitution, in the same manner as a judgment in a civil action.” Effective October 1, 1993, the legislature amended section 775.089(5) to read:
(5) An order of restitution may be enforced by the state, or by a victim named in the order to receive the restitution, in the same manner as a judgment in a civil action. The outstanding unpaid amount of the order of restitution bears interest in accordance with s. 55.03, and, when properly recorded, becomes a lien on real estate owned by the defendant.
If the crimes for which Anton was placed on probation were committed after October 1, 1993, the trial court would have had the authority to enter the income deduction orders and the civil liens. However, section 16 of chapter 93-37, Laws of Florida, specified that the “act shall ... apply to offenses committed on or after October 1, 1993.” Because the offenses in this case were committed prior to October 1, 1993, the changes made in 1993 to sections 775.089(3) and (5) are inapplicable.[1]
*878 The trial court erred in entering the income deduction orders and civil liens after the defendant’s probation expired. To enforce the restitution order, the State must file a civil action.[2]

Reversed.

CIKLIN, GERBER and CONNER, JJ„ concur.

. Although the trial court cannot extend or enforce the order once probation expires, the State and the victim are still able to enforce the restitution order as a civil judgment under section 775.089(5). See V.I. v. State, 667 So.2d 439 (Fla. 4th DCA 1996) (court could not enforce restitution after juvenile’s nineteenth birthday; victim can enforce restitution under section 775.089(5) after trial court loses jurisdiction over juvenile). To invoke that jurisdiction, the State must properly rein-voke the trial court’s jurisdiction. See gener *878 ally Spain v. State, 849 So.2d 340 (Fla. 2d DCA 2003) (if defendant fails to abide by cooperation agreement after judgment and sentence is rendered, State must reinvoke jurisdiction of trial court to enforce agreement).

. We decline to address the ex post facto argument as it is unnecessary to the disposition of this appeal.