PER CURIAM.
The State of Florida appeals the trial court’s order dismissing a petition for delinquency against E.I. under section 985.0301(6), Florida Statutes (2012), which allows a juvenile court to end jurisdiction over any child at any time. E.I. reached his 19th birthday on May 11, 2012. Unless a child is already under commitment, in a transition program, or subject to a restitution order, the jurisdiction of a juvenile court ends at age 19. V.I. v. State, 667 So.2d 439, 440 (Fla. 4th DCA 1996); see also § 985.0301(5), Fla. Stat. None of these apply to E.I. Thus, we And that this case has become moot because the trial court would no longer have jurisdiction if we remanded this case for further proceedings. “A case becomes moot, for purposes of appeal, where, by a change of circumstances prior to the appellate decision, an intervening event makes it impossible for the court to grant a party any effectual relief.” Montgomery v. Dep’t of Health & Rehab. Servs., 468 So.2d 1014, 1016 (Fla. 1st DCA 1985). A moot case will generally be dismissed unless the questions raised are of great public importance or are likely to recur, or if collateral legal consequences that affect the rights of a party flow from the questions raised. Godwin v. State, 593 So.2d 211, 212 (Fla. 1992). We find none of these exceptions apply; therefore, we dismiss this case as moot.

Dismissed as moot.

STEVENSON, DAMOORGIAN and CONNER, JJ., concur.