DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**K.D.,** a child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-2196

[August 12, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert B. Meadows, Judge; L.T. Case Nos. 2015CJ000846A, 2016CJ000247A, and 2018CJ000176A.

Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

K.D. appeals the circuit court's order on violation of probation. Over K.D.'s objection, the court retained jurisdiction in two juvenile cases after K.D. reached the age of 19. We agree with K.D. that the court could not retain jurisdiction in those two cases. Thus, we affirm the court in case number 2015CJ000846A, reverse the court's decision to retain jurisdiction in case numbers 2016CJ000247A and 2018CJ000176A, and remand for further proceedings.

### *Background*

There are three cases relevant to this appeal: case numbers 2015CJ000846A ("the 2015 case"), 2016CJ000247A ("the 2016 case"), and 2018CJ000176A ("the 2018 case").

K.D. was placed on probation in the 2015 case for lewd or lascivious conduct by an offender under 18 in violation of section 800.04(6)(c), Florida Statutes (2015). After a violation of probation and being placed

back on probation, the State filed another petition for violation of probation. K.D. entered a plea agreement, and the pre-disposition report recommended commitment to a non-secure facility. The circuit court followed the Department of Juvenile Justice's recommendation and committed K.D.

In the 2016 case, K.D. was placed on probation for battery on a school district employee and disturbing a school function. After a violation of probation and being placed back on probation, the State filed another petition for violation of probation. Again, K.D. entered a plea agreement, and the pre-disposition report recommended commitment to a non-secure facility. The circuit court committed K.D.

In the 2018 case, K.D. was placed on probation for battery. And, again, after a plea to a violation of probation, the pre-disposition report recommended commitment to a non-secure facility, and the court committed K.D.

The State and K.D. appeared before the court for a disposition hearing on all three cases. The State explained that on May 2, 2016, K.D. was placed on probation for a lewd offense and was required to complete sex-offender counseling. However, three years later, he failed to complete the program.

In response, K.D. asked the court to dismiss the 2016 and 2018 cases (the non-sexual offenses), arguing that, under section 985.0301(5)(a), Florida Statutes (2019), the court's jurisdiction in those cases terminated when K.D. turned 19 years old. However, K.D. acknowledged that, under subsection (5)(c), the court could retain jurisdiction over him in the 2015 case (the lewd conduct case) because he was a sexual offender who needed to complete a program.

The State argued section 985.475, Florida Statues (2019), defined a juvenile sex offender as a juvenile found guilty of violating chapter 800, like K.D. here. Further, the State argued, section 985.0301(5)(c) gave the court jurisdiction over K.D., as a juvenile sex offender, not just the juvenile sex offender case. The State explained that K.D. "just happen[ed] to be a juvenile sex offender with non-sex offense cases," which allowed the court to retain jurisdiction over K.D. in all three cases.

Agreeing with the State, the court retained jurisdiction over all three cases. For K.D.'s non-compliance, the court placed K.D. in a "nonsecure residential program with . . . direct discharge after the program is complete."

2

### Analysis

K.D. appeals the court's retention of jurisdiction in the 2016 and 2018 cases (the non-sexual offense cases). We agree the court lacked jurisdiction in those cases and reverse.

"Jurisdiction of the juvenile court is limited to that mandated by statute." *Cesaire v. State*, 811 So. 2d 816, 817 (Fla. 4th DCA 2002) (citation omitted). A circuit court has "exclusive original jurisdiction of proceedings" where the child allegedly commits a delinquent act or violates the law. § 985.0301(1)(a), Fla. Stat. (2019). The jurisdiction attaches "to the child and the case," and after service, "the court may control the child and the case in accordance with" chapter 985. § 985.0301(2), Fla. Stat. With limited exceptions, the court retains jurisdiction to dispose of a case until the child turns 19 years old. § 985.0301(5)(a), Fla. Stat.; *State v. E.I.*, 114 So. 3d 309, 310 (Fla. 4th DCA 2013).

Section 985.0301(5) sets out some of the circumstances under which the court's jurisdiction is extended and provides, in part:

> (5)(a) Notwithstanding s. 743.07, and except as provided in paragraph (b), when the jurisdiction of any child who is alleged to have committed a delinquent act or violation of law is obtained, the court shall retain jurisdiction to dispose of a case, unless relinquished by its order, until the child reaches 19 years of age, with the same power over the child which the court had before the child became an adult.
>
> (b) The court shall retain jurisdiction, unless relinquished by its own order:
>
> 1. Over a child on probation until the child reaches 19 years of age.
>
> 2. Over a child committed to the department until the child reaches 21 years of age, specifically for the purpose of allowing the child to complete the commitment program, including conditional release supervision.

3

(c) The court shall retain jurisdiction over a juvenile sexual offender, as defined in s. 985.475, who has been placed on community-based treatment alternative with supervision or who has been placed in a program or facility for juvenile sexual offenders, pursuant to s. 985.48, until the juvenile sexual offender reaches 21 years of age, specifically for the purpose of allowing the juvenile to complete the program.

§ 985.0301(5)(a)–(c), Fla. Stat. (2019).

K.D. argues the court needed to dismiss his two non-sexual offense cases because he reached the age of 19. The State counters, and the court agreed, that K.D. was still under the court's jurisdiction in all three cases until he was 21 years old because he was a juvenile sex offender. Both K.D. and the State purport to rely on the plain meaning of the statute in support of their argument.

The statute states that jurisdiction attaches to a child and case until the child reaches the age of 19. § 985.0301(2), (5)(a), Fla. Stat. But it also allows a court to retain jurisdiction over a juvenile sex offender until the juvenile sexual offender reaches the age of 21. § 985.0301(5)(c), Fla. Stat.

We conclude that although section 985.0301(2) confers the court with jurisdiction over the child *and* case, that jurisdiction is limited by other provisions within chapter 985. § 985.0301(2), Fla. Stat.

The default rule under section 985.0301(5)(a) is that the court—which already obtained jurisdiction over the child—retains jurisdiction to dispose of the case until the child turns 19. § 985.0301(5)(a), Fla. Stat. And if additional sexual offenses are filed in a case that already allows the court to retain jurisdiction over the juvenile sex offender under section 985.0301(5)(c), then the court may retain jurisdiction over the juvenile until the age of 21 "specifically for the purpose of allowing the juvenile to complete the program." § 985.0301(5)(c), Fla. Stat. But it may not do so in unrelated cases.

Here, the charges in the 2016 and 2018 cases were not filed with the lewd conduct charge. Instead, they arise from different offenses and different cases. As a result, the court could not retain jurisdiction in the 2016 and 2018 cases.

### *Conclusion*

We affirm the court in case number 2015CJ000846A, reverse the court's decision to retain jurisdiction in case numbers 2016CJ000247A and 2018CJ000176A, and remand for further proceedings.

*Affirmed in part, reversed in part, and remanded.*

LEVINE, C.J., and DAMOORGIAN, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***